Allen, J.
delivered the opinion of the Court.
It seems to the Court here that although the guaranty offered in evidence by the plaintiffs in error was addressed to Wadsworth & Williams, and not to the plaintiffs in error, Wadsworth, Williams &. Co., yet it was competent for the plaintiffs in error to prove that at the time the same was so addressed to Wadsworth <fc Williams, they were partners in the firm of Wadsworth, Williams & Co.; and were not engaged in the mercantile business on their own account, or in connection with any other mercantile firm in the city of Richmond ; and that said letter of guaranty being presented to the plaintiffs in error the same was accepted by them, and the goods furnished for the price of which this suit was brought. The Court is therefore of opinion, that as the evidence set forth in the first bill of exceptions taken by the plaintiffs in error on the trial of the issue, tended to prove the facts aforesaid, the Circuit court erred in excluding the same from the jury.
*178 And it further seems to the Court, that said Circuit court erred in excluding from the jury as evidence the said letter of credit in the second bill of exceptions mentioned, as incompetent to charge the defendants in error> By the terms of the letter of credit the defendants in error waived all right to notice of the acceptance of the guaranty, if they would otherwise have been entitled to require it; a question upon which the Court expresses no opinion. By their engagement the defendants in error agreed to hold themselves accountable for the payment of the price of the goods to an amount not exceeding the sum therein mentioned, in case the purchaser . should not be able to pay for the same or. make 'default; of which default they required reasonable and proper notice to be given them. It was competent for the defendants in error to specify the conditions upon which their accountability should depend.; arid having done so, if those conditions have been complied with, they cannot object the failure of the plaintiffs in error to comply with other terms which the law might have imposed, but a compliance with which the defendants in error have waived.
Whether there was reasonable and proper notice of the default, was a question for the jury upon the testimony, upon proper instructions from the Court.
Nor did the fact that the purchaser gave his bond for the price of the goods discharge the defendants in error from liability on their guaranty; the question between them and the plaintiffs in error being not what evidence of the debt the latter may have taken from the purchaser, but whether the price of the goods has been paid at the time stipulated in the contract of sale.
It is therefore considered that said judgment is erroneous, and that it be reversed with costs to the plaintiffs in error, and that the verdict be set aside, and the cause remanded for a new trial of the issues joined; *179 on which trial the part of the deposition of William B. Isaacs, as set forth in the first bill of exceptions, and the letter of guaranty referred to and set forth in the second bill of exceptions, if again offered in evidence, and not objected to for any other cause than is disclosed by said bills of exceptions, are to be permitted to go in evidence to the jury.