WHEELER, GEIGER & CO. v. WILLIAM H. MAYFIELD.

A party who introduces a merchant into market, and by letter says, " any favor you may show Mr. R., in introducing him to the different houses, so as he may be able to fill his orders, will be highly appreciated by him, and will be indorsed by me for the amount of his purchases," is liable, as guarantor, to those who acted upon the letter, if he be duly informed that his guaranty was accepted, and of the amount advanced upon the guaranty.

APPEAL from Karnes.   The case was tried before Hon. GEORGE R. SCOTT, one of the district judges.

The case turned upon the demurrer, and the facts are set forth in the opinion.

*H. Clay Pleasants*, for appellant.

No brief for the appellee has been furnished to the *Reporter*.

LATIMER, J.—This suit was instituted by the appellants, merchants of the city of New Orleans, against the appellee and one Robuck.

The petition alleges that Mayfield wrote a letter on the 14th of August, 1860, addressed to Messrs. D. H. Taylor & Co., in the following terms:

"Allow me to introduce to your acquaintance my friend Mr. J. E. Robuck, who visits your city for the purpose of purchasing a stock of goods.   Any favor you may show him in introducing him to the different houses, so as he may be able to fill his orders, will be highly appreciated by him, and will be indorsed by me for the amount of his purchases."

The petition alleged that " the said Robuck was so introduced to the petitioners, and that upon the faith of said letter the goods for which the promissory note aforesaid (meaning the note sued on) was given were sold, and of

this the said William H. Mayfield well knew." The note was dated August 31, 1860, was signed by Robuck alone, was payable six months after date, and the suit was instituted at the first term of the court after the maturity of the note. The payees of the note sought to make Mayfield liable for the amount of the note, as the guarantor, and the letter to D. H. Taylor & Co. was relied on, in connection with the other facts alleged, to show Mayfield's liability.

Mayfield excepted to the sufficiency of the petition on several grounds, and his exceptions were sustained and the suit as to him dismissed.

We think the petition sets forth a good cause of action against Mayfield. The letter of Mayfield was written from Helena, in this state, and while it is not very precise in its terms, yet we think it sufficiently so to make him liable as the guarantor of Robuck, provided he was duly informed that his guaranty was accepted, and of the amount advanced upon the guaranty.

It cannot be properly inferred from all the circumstances of the transaction that Mayfield intended only to express a willingness to indorse for Robuck.

The rule of the law is well settled that one who offers to become liable as guarantor for another must be duly informed that his offer is accepted, and he must know the amount of his liability, so that he may have an opportunity of taking security or indemnity from the party in whose favor the guaranty is given. (1 Pars. on Cont., 502.)

In this case the petitioner alleges that Mayfield well knew that the goods for which the note was given were sold upon the faith of his letter to Messrs. D. H. Taylor & Co.

While the allegations might have been more particular to the point that Mayfield was informed of the amount advanced upon his guaranty, yet under all the circumstances of the case we are of opinion that the petition was sufficient to entitle the plaintiffs to make their proof,

and that the court erred in dismissing the case upon exceptions.

The judgment is reversed, and the cause

·REMANDED.