W. H. Mayfield v. Wheeler, Geiger & Co.

1. A guarantor can be held liable only to the extent of his guaranty. Therefore, if a party promises to accept or indorse for another, there must be a demand upon him for his acceptance or indorsement before he can be made liable in any manner.

2. By letter to a mercantile firm at New Orleans, M. introduced one R. as a

party desiring to purchase goods, concluding as follows : " Any favor " you may show in introducing him to the different houses, so that " he may be able to fill his orders, will be highly appreciated by him, " and will be indorsed by me, if necessary, for the amount of his pur- " chases." *Held*, that the letter imported no more than a promise to indorse for R., in case the indorsement should be necessary to enable R. to make his purchases ; and when the merchants sold goods to R., and took his individual note for their amount, payable at six months, without calling on M. for his indorsement, or notifying him at all, until about the time R.'s note fell due, the presumption is that the goods were sold on the individual credit of R., irrespective of M.'s letter. Six months were not a reasonable time within which M.'s liability as a guarantor could be fixed by notice.

3. A guarantor for a future credit to be extended to another, is entitled to notice that his guaranty has been accepted or acted upon ; and such notice must be given him within a reasonable time, so as to enable him to secure and protect himself against the principal debtor.

APPEAL from Karnes. Tried below before the Hon. D. D. Claiborne.

The former report of this case, in 31 Texas, 395, in connection with the opinion now reported, sufficiently states the facts.

*Chandler, Carleton & Robertson,* for the appellant.

*H. C. Pleasants,* for the appellee.

OGDEN, J. This is an appeal from a judgment of the District Court of Karnes county, upon a certain letter of credit by the appellant to D. H. Taylor & Co., of New Orleans. The cause has been before this court on a former appeal, and is reported in 31 Texas, 395, and, judging from the report of the case as then presented, and the decision of the court, we are led to the conclusion that the cause may have been defectively transcribed in the record, and that a very important clause of the letter of credit, the foundation of the action as against the appellant Mayfield, may have been omitted.

The closing paragraph of the letter sent to Taylor & Co.

reads as follows: "And will be indorsed by me, if necessary,
" for the amount of his purchases." The words "*if necessary*"
are omitted in the case as reported in 31 Texas, and we
think they are very material in determining and fixing the
liability of the writer. Without these words, the natural im-
port of the language of the letter would indicate that the
writer bound himself to indorse and guarantee, in all cases,
provided the credit was given to Robuck, in the purchase of a
stock of goods; but with the addition of these words, the
natural and legitimate meaning of the letter would be, that the
writer promised to indorse for Robuck only in case it became
necessary, and that necessity must be made manifest by a re-
quest that he should indorse. Mayfield certainly, by the terms
of his letter to Taylor & Co., did not agree to guarantee the
payment of all debts contracted by Robuck in the purchase of
his stock of goods, but only such as he might indorse; and he
did not even agree to indorse to the full extent of the debts
contracted by Robuck, but only to the extent that it might be-
come necessary, in order to his obtaining his desired stock of
goods. And, under that letter, we think it will hardly be con-
tended that if any person had seen fit to give Robuck credit, on
his individual responsibility, he could afterwards hold Mayfield
responsible.

The doctrine of guaranty and the right and liabilities of the
guarantor are fully described in Parsons' valuable work on Con-
tracts, Vol. II., p. 12 *et seq.*, and it is there laid down as an
elementary principle, that a guarantor will be held liable to the
extent of his guaranty only; and, therefore, if a party promises
to guarantee the payment of a debt by acceptance or indorse-
ment, he can be held in no other way, at least, until that ac-
ceptance or indorsement has been demanded and refused.
There can be no doubt that if appellees furnished Robuck goods
on the faith of the letter of appellant, and had duly notified
him of their acceptance of his offer to guarantee or indorse, and
had presented the note within a reasonable time for indorse-
ment, then he would have been bound as an indorser, whether

he had actually indorsed the paper or not.    But, as he qualified his offer to indorse, he had a right to that qualification. (Douglass *et al. v.* Reynolds *et al.*, 8 Peters, 113.)

The letter in the case at bar is somewhat peculiar, as the writer, in effect, promises to indorse only when it becomes necessary; and when a party gave the holder of the letter credit, and took his individual note or obligation, the presumption would be, that in that instance no indorsement or guaranty was necessary, and it might require very clear proof to rebut that presumption.    Besides, the writer of the letter would be entitled to a more prompt notice of the acceptance of his offer, and a further notice that the credit was given on the faith of that letter.    The letter of appellant, offering to indorse for Robuck, was dated August, 1860, and the note upon which it is sought to make him responsible is dated in the same month; and yet no notice was given appellant that his offer to indorse had been accepted, until December or January following, and about the time of the maturity of the note; and we think the appellant justified in contending that the debt was not made on the faith of his offer or responsibility.

It is said in Parsons on Contracts, Vol. II., p. 13, " But, if the " guaranty were for a future operation, perhaps for one of uncer- " tain amount, and offered by letter, there should then, accord- " ing to the weight of authority, be a distinct notice of accept- " ance, and also a notice of the amount advanced upon the " guaranty;" and again, on page 15 of the same work it is said, " But the notice must be given with sufficient distinctness, " and in a reasonable time; and that time will be reasonable " which secures to the guarantor all rights and means of pro- " tecting himself."    This is said in relation to a *general* guar- antor, and not, as in this case, to one who has promised to indorse, if necessary.    In the case of Adams *et al. v.* Jones, 12 Peters, 207, it is said; " Upon a letter of guaranty, address- " ed to a particular person, or to persons generally, for a future " credit, to be given to a party in whose favor the guaranty is " drawn, to charge the guarantor notice is necessary to be given

" to him, that the person giving the credit has accepted or act-
" ed upon the guaranty, and has given credit on the faith of it.
" This is not an open question in this court, after the decisions
" made in Russell v. Clark, 7 Cranch, 69 ; Edmondson v. Drake,
" 5 Peters, 624 ; Douglass v. Reynolds, 7 Peters, 113 ; and Lee
" v. Dick, 10 Peters, 482."

Applying the doctrine as laid down by the authorities cited,
to the testimony in this case, we do not hesitate in coming to
the conclusion that appellees failed to notify appellant of their
acceptance of his offer to indorse for Robuck, and that they had
given him credit on the faith of that offer, within a reasonable
time. The note sued on was executed by Robuck alone, paya-
ble in six months, and yet, according to the testimony on the
trial, appellant knew nothing of the debt, or note, until about
the time it became due, and after the insolvency of Robuck.
Certainly this notice did not " secure to appellant the means of
" protecting himself," as against the purchaser of the goods. The
letter of credit is quite specific, qualifying and limiting the
writer's responsibility to his indorsements, and to cases where
his indorsement became necessary. And we are of the opinion
that the court, in its charge to the jury, failed to present these
qualifications in the proffered guaranty of appellant, as speci-
fically as should have been done ; and this fact, together with
the failure in the evidence to establish notice of any character
in a reasonable time, must be regarded as vitiating the judg-
ment. This court having decided, on a former occasion, that
the petition in this case is good, on demurrer, we are, therefore,
not called upon now to indicate any opinion on that question.
But, for the errors committed on the trial, as herein indicated,
the judgment is reversed, and the cause remanded.

Reversed and remanded.