FIRST NATIONAL BANK OF ALTON, ILLINOIS, v. W. W. MARBOURG.

CONTRACT, *Construed.* M. guaranteed the collection of certain notes, the collection to be in the name and at the cost and expense of the holder, and without expense to M. Among these notes were two secured by mortgage, which was thereafter foreclosed. *Held,* That M. was not liable for the costs and attorney's fees taxed in such foreclosure suit, and fully discharged his guaranty by paying the balance due on the judgment, less such costs and attorney fees.

*Error from Brown District Court.*

AT the April Term, 1877, of the district court, *Marbourg* and four others, as defendants, recovered judgment against the *First National Bank of Alton, Illinois.* The *Bank* brings the case to this court for review.

*Everest & Waggener,* for plaintiff in error.

*W. W. Guthrie,* for Marbourg, defendant in error.

The opinion of the court was delivered by

BREWER, J.: Marbourg transferred certain notes to his former partner, James H. Lea, upon the following agreement:

"The said W. W. Marbourg hereby agrees to guarantee the collection of the same, and waives protest thereon of each of said notes, and the said Lea hereby agrees to collect the said notes in his own name, and at his own costs and expenses, or in case of an assignment thereof, then in the name of the holder or holders thereof, and without expense to the said W. W. Marbourg."

Among these notes were two, secured by real-estate mortgage, given by O'Leary and wife. These notes passed into the hands of the plaintiff in error, and were put in suit. In this suit certain costs and attorney fees were taxed, the latter being stipulated for in the mortgage. The real estate not satisfying the judgment, and the makers of the notes being insolvent, the question is presented whether Marbourg discharges this guaranty by paying the balance due on the judgment, less the costs and attorney fees. All other questions, whether of practice or otherwise, are, as we understand the record, waived by the parties.

We understand by this guaranty that Marbourg is bound for the face of the notes, but that all costs and expenses of collection are to be borne by the holder. Foreclosure of the mortgage is simply one method of collection; the cost and expense of foreclosure is but the cost and expense of collection. If, without foreclosure, action is brought on the notes, money judgment obtained, execution issued, real estate levied upon and sold, the cost and expense of all this, as well as the fees of the attorney in the suit, is cost and expense of collection, and to be borne by the holder. That specific property is pledged as security, does not cast the cost of realizing on that security upon Marbourg. The holder controls the collection, and all costs of collection, in whatever manner incurred, are to be borne by him. He may sue on the notes alone, attach, or foreclose; but whatever procedure he adopts,

he pursues it at his own cost. Such, we think, is the clear intent of this guaranty, and therefore the ruling of the district court in accord therewith must be affirmed.

VALENTINE, J., concurring.

HORTON, C. J., not sitting, having been of counsel in the court below.