## Lamm & Co. v. Colcord.

No. 2082, Okla. T. Opinion Filed November 12, 1908.

(98 Pac. 355)

1.     **GUARANTY—Construction.** In construing the language of an instrument of guaranty for the purpose of interpreting the same to determine the intention of the parties, it should be taken most strongly against the guarantor, and in favor of the party parting with his property upon the faith of the interpretation of such instrument most favorable to his rights.

2.     **SAME.** After the meaning of a contract of guaranty has been ascertained, and the actual operation thereunder been begun, the guarantor is entitled then to the application of the strict rule of construction, and cannot be held beyond the precise terms of such contract.

3.     **SAME—Release of Guarantor.** A guarantor has the right to prescribe the exact terms upon which he will enter into a guaranty obligation, and to insist upon a discharge in case those terms are not strictly observed.

4.     **SAME—Evidence.** A party stipulating to guarantee against the the default of O. C. Scoresby, in the event credit is extended him in a certain amount for goods, wares, and merchandise to be furnished him by the plaintiff, cannot be held on such guaranty; the plaintiff having extended credit in said sum and furnished and delivered said merchandise and wares to the Scoresby Tailoring Company, there being no proof offered to

show that O. C. Scoresby solely comprised the Scoresby Tailoring Company.

(Syllabus by the Court.)

*Error from Probate Court, Oklahoma County.*

Action by Lamm & Co. against F. C. Colcord. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error, Lamm & Co., as plaintiff, brought this action in the probate court of Oklahoma County, Okla. T., against the defendant in error, C. F. Colcord, as defendant, to recover the sum of $400 alleged to be due it under the following written guaranty, to-wit:

"Feb. 27, 1901. Lamm & Co., Chicago, Ill. Dear Sir: You can extend credit to O. C. Scoresby to amount of ($400.00) Four Hundred and I will stand good for same. Yours resp. C. F. Colcord."

The case was tried by the lower court without the intervention of a jury on the 24th day of January, 1906. The evidence on the part of plaintiff showed that between the years 1900 and 1905 it shipped merchandise to the value of thousands of dollars, and charged the same to the Scoresby Tailoring Company, the account beginning with March 1, 1901, and there were various payments made thereon by said Scoresby Tailoring Company, the first account aggregating the sum of $400, having been paid before the beginning of this action. This action is for shipments made during December, 1904, and May, 1905; that is, for a balance thereon, which exceeds the sum of $400. The evidence showed that prior to the time of receiving said guaranty from defendant plaintiff had shipped to said Scoresby only on a C. O. D. basis, having been doing business with him a year or so before the guaranty was received. The evidence showed that the goods shipped were all charged to the Scoresby Tailoring Company, and there is no proof in the record as to whether or not Scoresby Tailoring Company and O. C. Scoresby are identical and the same. The account that was made out against the Scoresby Tailoring

Company, showing the balance due for goods shipped during December, 1904, and May, 1905, was offered in evidence over the objection of the defendant, on the ground that same was irrelevant, incompetent, and immaterial; it not being shown to be an account for which the guaranty was executed, nor an account relating to or commencing in the year 1901, when the guaranty was given, and it appeared upon its face that it was an account with the Scoresby Tailoring Company, whereas the guaranty sued on was as to O. C. Scoresby, the presumption being that the Scoresby Tailoring Company was a corporation or a copartnership composed of more than one. Thereupon the defendant demurred to the evidence on the part of plaintiff upon the ground (1) that same failed to establish facts sufficient to constitute a cause of action in its favor against defendant, or to entitle it to recover from defendant anything whatever; and (2) that the evidence introduced on behalf of plaintiff affirmatively shows, when considered in connection with the pleadings of the parties, that plaintiff is not entitled to recover in this action anything against defendant. The demurrer on the part of defendant was sustained and judgment rendered by the court for defendant.

Plaintiff in due time presented a motion for a new trial, and the same was overruled. Exceptions being saved, it was allowed 60 days within which to make and serve a case-made, and the defendant was allowed 10 days thereafter within which to suggest amendments thereto, the same to be settled on 5 days' notice, and an appeal bond fixed in the sum of $100. Execution was stayed for 30 days to permit plaintiff to file said bond. The case-made was duly settled, bond executed, and said case taken on petition in error to the Supreme Court of Oklahoma Territory, and in accordance with the provisions of the Enabling Act was transferred to this court for review.

*R. N. McConnell,* for plaintiff in error.
*Shartel, Keaton & Wells,* for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). In

construing the language of an instrument of guaranty for the purpose of interpreting the same to ascertain the intention of the parties it should be taken most strongly against the guarantor, and in favor of the party who has parted with his property upon the faith of the interpretation most favorable to his rights. *Scott v. Myatt,* 24 Ala. 489, 60 Am. Dec. 485; *Lawrence v. McCalmont,* 2 How. 426, 450, 11 L. Ed. 326; 20 Cyc. 1425, and authorities cited in footnotes 59 and 60. But when the meaning of the language in a contract of guaranty is ascertained, and the actual operation under such construction has begun, the guarantor is entitled to the application of the strict rule of construction, and cannot be held beyond the precise terms of such contract. *Brittain Dry Goods Co. v. Yearout,* 59 Kan. 684, 54 Pac. 1062; *Mayfield* v. *Wheeler,* 37 Tex. 256; *Kepley v. Carter,* 49 Kan. 72, 30 Pac. 182; *First National Bank of Alton, Ill. v. Marbourg,* 22 Kan. 535; *Wooley v. Van Volkenburgh,* 16 Kan. 20; *Barnett* v. *Wing,* 62 Hun, 125, 16 N. Y. Supp. 567; *Bussier v. Chew,* 5 Phila. (Pa.) 70; *Eager et al. v. Seeds et al.,* 21 Okla. 524, 96 Pac. 646; *Lemp Brewing Co. v. Secor et al.,* 21 Okla. 537, 96 Pac. 636.

It is alleged in the petition that:

"This plaintiff thereupon accepted the above letter of credit or guaranty, and, relying upon the same, agreed to extend and did extend credit to said O. C. Scoresby to the amount of $400; that said O. C. Scoresby bought of this plaintiff, on credit, goods, wares, and merchandise of the value of $400, and for which he agreed to pay this plaintiff the sum of $400."

In the answer of defendant these allegations are traversed by a general denial. The only proof in the record shows that the goods were furnished and shipped to the Scoresby Tailoring Company, and there is no evidence tending to show whether or not the Scoresby Tailoring Company is a partnership or a corporation, or whether or not the said O. C. Scoresby comprises solely the Scoresby Tailoring Company. The burden was on the plaintiff to make out its case. There is no allegation that O. C. Scoresby and the Scoresby Tailoring Company are one and the

same, or that the said O. C. Scoresby solely comprises the Scoresby Tailoring Company, and consequently there was no necessity to affirmatively traverse the same. But there was an allegation that upon said guaranty, and, relying upon the same, plaintiff extended credit to O. C. Scoresby. The only account offered in evidence against any one was that verified by the witness Malone in his deposition, which was against the Scoresby, Tailoring Company, and was introduced over the objection and exception of the defendant on the ground that the same was irrelevant, incompetent, and immaterial; it not being shown to be an account for which the guaranty was executed, it appearing on its face that it was against the Scoresby Tailoring Campany.

In the case of *Cremer v. Higginson et al.*, 1 Mason, 323, Fed. Cas. No. 3,383, Mr. Circuit Justice Story said:

"Having thus fixed the interpretation of the letter on this point, that it is a mere guaranty of the debt of third persons, the next question upon its construction is, To whom are the advances to be made? If there be anything clear in this case, it is that the advances are to be made to Stephen Higginson, Jr., and Henry Higginson, then co-partners in trade under the firm name of S. & H. Higginson. It follows, therefore, that it covers only advances made to them jointly on their joint credit, and not advances made to them severally on their several credit. Unless then it should be completely established that the advances were made on the joint account of the firm, there is an end of the plaintiff's case."

In the case of *Crane Co. v. Specht*, 39 Neb. 123, 57 N. W. 1017, 42 Am. St. Rep. 562, Mr. Justice Harrison in delivering the opinion of the court said:

"The question raised by the bill of exceptions and strenuously argued by counsel is, Can the Crane Company recover upon the contract of guaranty given by defendants to Crane Bros. Manufacturing Company? The attorneys for plaintiff contending that the Crane Company was organized on the 20th day of January, 1890, being the Crane Bros. Manufacturing Company under the new name, Crane Company, that it was composed of the same persons, managed by the same officers, engaged in the

same business, and at the same location; that there was merely a change in the name, and no other or further change in the composition or operations of the company, and hence it was entitled to recover on this, as well as other contracts to which the Crane Bros. Manufacturing Company was a party. The defendant's attorneys claim that the Crane Company cannot recover by virtue of the guaranty given by defendant to the Crane Bros. Manufacturing Company any sum due it for goods sold or furnished Lichtenberger after the change of its name to Crane Company. The contention in the case resolves itself to the question, Did the change in the name of the corporation deprive it of the right to recover, upon the contract of guaranty given to it by the defendant in its former name, the price of goods furnished after the change in style to the party whose account was guaranteed to it under the old name? The answer to this question will be most readily obtained, it seems to me, by an examination of the nature of the contract of guaranty, and the construction to be given to it.

"In I Brandt on Suretyship and Guaranty (2d Ed.) pp. 134, 135, § 93, it is said, in discussing such contracts: 'A rule never to be lost sight of in determining the liability of a surety or guarantor is that he is a favorite of the law, and has a right to stand upon the strict terms of his obligation, when such terms are ascertained. This is a rule universally recognized by the courts, and is applicable to every variety of circumstances.'

"Again it is said: 'A surety or guarantor usually derives no benefit from his contract. His object, generally, is to befriend the principal. The guarantor is only liable because he has agreed to become so. He is bound by his agreement, and nothing else. It has been repeatedly decided that he is under no moral obligation to pay the debt of his principal. Being, then, bound by his agreement alone, and deriving no benefit from the transaction, it is eminently just and proper that he should be a favorite of the law, and have a right to stand upon the strict terms of his obligation. To charge him beyond its terms would be not to enforce the contract made by him, but to make another for him.' "

In the case of *Allison v. Rutledge,* 5 Yerg. (Tenn.) 193, the defendant addressed a letter to "Mr. Allison," by which he became surety for the payment of the purchase price of some bacon purchased by one Cooper, under which guaranty he was

sued as guarantor by John and Joseph Allison for the price of the bacon. Mr. Chief Justice Catron, in speaking for the Supreme Court of Tennessee, said:

"Can, under any circumstances, a recovery be had in this action by force of the guaranty? It is addressed in the singular to Mr. Allison. Rutledge undertook for the debt of Cooper, and is bound by the writing, and this only. The contract cannot be varied, or its meaning explained without violating the statute of frauds. He did not address himself to two Allisons, but to one. The paper from its face could not be given in evidence to sustain the joint action, and it could not be proved by parol that two were meant."

In the case of *Grant v. Naylor*, 4 Cranch, 224, 2 L. Ed. 222, John and Jeremiah Naylor brought an action against Daniel Grant on a letter or contract of guaranty addressed to John and Joseph Naylor. Mr. Chief Justice Marshall, in delivering the opinion of the court, said:

"That the letter was really designed for John and Jeremiah Naylor cannot be doubted, but the principles which require that the promise to pay the debt of another shall be in writing, and which will not permit a written contract to be explained by parol testimony, originate in a general and wise policy, which this court cannot relax, so far as to except from its operation cases within the principles. Already have so many cases been taken out of the statute of frauds, which seem to be within its letter, that it may well be doubted whether the exceptions do not let in many of the mischiefs against which the rule was intended to guard. On examining the cases which have been cited at bar, it does not appear to the court that they authorize the explanation of the contract which is attempted in this case. This is not a case of ambiguity. It is not an ambiguity patent, for the face of the letter can excite no doubt. It is not a latent ambiguity, for there are not two firms of the name of John & Joseph Naylor & Co. to either of which this letter might have been delivered. In such a case the letter is not a written contract between Daniel Grant, the writer, and John and Jeremiah Naylor, the persons to whom it was delivered. To admit parol proof to make such a contract is going further than the courts have ever gone, where the writing is itself a contract,

and where no pre-existing obligation bound the party to enter into it."

The apparent weight of authority is that no one but the identical person to whom the letter of credit was addressed, or in whose favor the instrument of guaranty runs, or his or their assigns, can maintain an action thereon. *Taylor v. McClung,* 2 Houst. (Del.) 25; *Smith v. Montgomery,* 3 Tex. 199; *Walsh et al. v. Bailie,* 10 Johns. (N. Y.) 180; *Penoyer v. Watson,* 16 Johns. (N. Y.) 100; *Evansville National Bank v. Kaufmann et al.,* 93 N. Y. 273, 45 Am. Rep. 204; *Taylor et al. v. Wetmore,* 10 Ohio, 491. The following authorities appear to support the contrary doctrine: *Michigan State Bank v. Peck,* 28 Vt. 200, 65 Am. Dec. 234; *Wadsworth v. Allen,* 8 Grat. (Va.) 174, 56 Am. Dec. 137. It is not necessary, however, to determine which announces the correct rule, these authorities being merely referred to for the purpose of illuminating the doctrine of the liability of a guarantor.

In the case at bar the grantor agreed to answer for the default of O. C. Scoresby. The record shows that upon this instrument of guaranty the goods were furnished the Scoresby Tailoring Company. There is no presumption that they were one and the same. A guarantor has the right to prescribe the exact terms upon which he will enter into the obligation, and to insist upon a discharge in case those terms are not observed. If the Scoresby Tailoring Company was a corporation or a partnership composed of members other than the party mentioned in this guaranty, the defendant could not be held as guarantor in this action. If it were a corporation, its business and assets would be controlled by a board of directors, and the guarantor might have refused to have been bound for its defaults, though the said O. C. Scoresby was one of the stockholders and officers. It it were a partnership composed of other members than the said Scoresby, the partnership property and assets would have been subject to the partnership control, and the other partners would have had the same control thereof as the said O. C. Scoresby, and under such circum-

stances the guarantor might have declined to have become bound. The plaintiff having failed to affirmatively show that the goods were furnished to the party named in the guaranty, the guarantor could not be held on such liability.

There appears to have been no error committed by the lower court in rendering judgment in favor of the defendant. Its judgment is affirmed.

All the Justices concur.