### BOMAR v. GAHAGAN.

(Court of Civil Appeals of Texas. Texarkana. Dec. 26, 1912. Rehearing Denied Jan. 2, 1913.)

1. PRINCIPAL AND SURETY (§ 59*)—SURETY'S LIABILITY—RULE OF STRICT CONSTRUCTION.

A surety can be held only upon the very terms of his contract.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. § 59.*]

2. GUARANTY (§ 27*) — LIABILITY — RULE OF STRICT CONSTRUCTION.

A guarantor can be held only upon the very terms of his contract.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 28; Dec. Dig. § 27.*]

3. GUARANTY (§ 36*) — CONSTRUCTION—GUARANTY OF BILLS AND NOTES.

A guaranty to a board of directors of a corporation of notes executed by the corporation to them, and upon the notes and other evidences of indebtedness which the directors might, at any time, discount or cash for the corporation, did not cover a note of the company to a third person, the wife of one of the directors, which the directors, liable as sureties, paid at maturity because of the insolvency of the corporation, since they did not cash or discount a note for the company.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by E. P. Bomar against H. I. Gahagan. Judgment for defendant, and plaintiff appeals. Affirmed.

D. T. Bomar, of Ft. Worth, for appellant. Slay, Simon & Wynn, of Ft. Worth, for appellee.

HODGES, J. This suit was instituted in the district court of Tarrant county by the

appellant against the appellee to recover the sum of $1,000 on a contract of guaranty executed by the appellee and which is fully set out in the pleadings. The court sustained a general demurrer to the petition and dismissed the suit, and the appellant has appealed.

We copy the following as the substance of appellant's petition as set out in the brief of counsel: "Appellant's second amended petition alleged that the Medlin Milling Company is a corporation created under the laws of the state of Texas, with a paid-up capital of $200,000, and that appellant was the president of said company, and was, at the time of the commission of the acts complained of, one of its directors. That the appellee was at the date of the acts complained of and now a stockholder in said company. That, in order for said company to obtain the money required to be used by it in carrying on its business, it became and was necessary for the board of directors, or some of them, to advance for it certain moneys and to otherwise assist it by indorsing its paper, and for this purpose, and upon the consideration that such assistance would inure to the benefit of said corporation and its stockholders, on the 1st day of July, 1909, the appellee, for the purpose of inducing the appellant and other members of the board of directors of said company to so assist said company in advancing it money and indorsing its paper, and for the purpose of inducing banks, trust companies, and individuals to advance or lend to it money, entered into an obligation in writing, substantially in the following words: 'Fort Worth, Texas, July 1st, 1909. To the Directors of the Medlin Milling Company, Fort Worth, Texas: In consideration of $1.00, and other valuable considerations we hereby guarantee to you, your successors, assigns, or to any bank, banker, trust company or individual, any and all sums that may now, or at any time hereafter, be owing to you by the Medlin Milling Company of Fort Worth, Texas, on the note or notes of the company, executed by it to you, or upon notes, bills receivable, drafts, acceptances, checks or other evidences of indebtedness which you may at any time hereafter discount or cash for said company, and we hereby authorize you at any time, in such manner and upon such terms, and for such time, as you may see fit, to extend the time and manner for the payment of said sum or sums of money, or any part thereof, without any notice to us, and we hereby agree beforehand that no such extension of time or credit shall in any manner affect our liability on this guaranty. It is hereby expressly understood and agreed that the liability of the undersigned, under this guaranty, shall in no event exceed the principal sum of one thousand dollars. It is further understood and agreed that this shall be a continuing guaranty, and shall remain in full force and effect until written notice shall actually have been received by you that it has been revoked by the undersigned, or either of them. It is further expressly agreed and understood that you need not give any notice of any kind to the undersigned, or to either of them, of the acceptance of this guaranty, and it is further understood and agreed that no omission of any kind on your part in the premises shall in any way whatsoever affect or impair this guaranty. H. I. Gahagan.' That he delivered same to the board of directors of said company, by which the appellee, for a valuable consideration to him then moving, bound and obligated himself to the extent of $1,000 to the board of directors of said milling company, as such, and to the individuals composing said board, their successors or assigns, and to any bank, banker, trust company, or individual for any and all sums of money that at any time thereafter might be owing to them by said Medlin Milling Company on the note or notes of said company executed by it to them, or upon notes, bills receivable, drafts, acceptances, checks, or other evidences of indebtedness which they at any time thereafter might discount or cash for said company. That the board of directors of said company at said time consisted of J. H. Blocker, S. W. Gladney, F. M. Rogers, W. H. Flory, F. H. Hertzog, and the appellant. That the present board of directors of said company, constituting the successors of said board on said date, are F. M. Rogers, E. E. Bewley, W. P. Bomar, J. W. Broad, E. H. Holcomb, and the appellant. That the appellant, relying on said obligation so executed by the appellee, and other similar obligations executed by other stockholders in said company, in conjunction with J. H. Blocker, S. W. Gladney, F. M. Rogers, and W. H. Flory, did indorse the paper of said company to the extent of about $390,000, by which they became bound as indorsers or guarantors, for said company, at the request of said board of directors and their successors, to such extent and for such amount. That on or about the 4th day of April, 1910, the appellant, relying upon said obligation so executed and delivered, advanced to the said Medlin Milling Company the sum of $42,000 in cash, for which amount the said Medlin Milling Company, at the request of appellant, executed and delivered its note to Mrs. Alice L. Bomar, wife of appellant, for said sum, dated on the 4th day of April, 1910, to become due 90 days after date, and bearing interest from date at 10 per cent. per annum, and caused said note to be indorsed by appellant, and the said J. H. Blocker, F. M. Rogers, S. W. Gladney, and W. H. Flory. That the execution and delivery of said note aforesaid to the said Mrs. Alice L. Bomar was intended and was a gift from appellant to his said wife of the obligation of said milling company, evidenced by said note so indorsed, and that said advancement of said money was so made by the appellant out of his own funds direct to

said company, and thereafter, on the 3d day of July, 1910, the said Medlin Milling Company, in renewal and extension of said note so executed, executed and delivered to the said Mrs. Alice L. Bomar its note for the sum of $43,050 dated July 3, 1910, payable on demand, and bearing interest from date at the rate of 10 per cent. per annum, and indorsed by all of the persons who had indorsed the original note. That on or about the 1st day of August, 1910, the said Medlin Milling Company failed and became insolvent, and appellant has been obliged to pay by virtue of his indorsement on said note the full amount thereof, and in addition thereto, on account of his indorsements upon other of its obligations aforesaid, about the sum of $200,000 on which he had become so bound jointly with the other directors of said company. That the affairs of said Medlin Milling Company have been wound up and all of its assets disposed of, and the proceeds thereof applied to the payment of its debts, and that its assets paid 55 per cent. of its obligations, and that appellant has been obliged to pay, and has paid by virtue of his indorsement to said company, more than the sum of $200,000. That F. M. Rogers, D. T. Bomar, E. E. Bewley, Wm. P. Bomar, J. W. Broad, and E. H. Holcomb, together with the appellant, constituting all of the present and existing board of directors of said company, in their capacity as such, have transferred to appellant such causes of action, and such rights under and by virtue of said obligation as they have, under and by virtue of such contract and obligation of guaranty, hereinbefore fully set out, and that, by reason of the premises hereinbefore set out, the appellee has become and is liable to appellant in the sum of $1,000, with interest thereon from the 10th day of August, 1910, at 6 per cent. per annum."

[1, 2] The determination of the question presented involves the construction of the contract of guaranty sued on. It has long been the settled law that sureties and guarantors can be held only upon the very terms of their contracts. Smith v. Montgomery, 3 Tex. 199; McRea v. McWilliams, 58 Tex. 331; Heidenheimer Bros. v. J. H. Brent et al., 59 Tex. 533; Brandt on Suretyship and Guaranty, vol. 1 (3d Ed.) § 133 et seq.; 20 Cyc. 1428; Lamm & Co. v. Colcord, 22 Okl. 493, 98 Pac. 355, 19 L. R. A. (N. S.) 901, and note.

[3] This instrument is by its terms addressed to the board of directors, and is evidently intended to protect them and their assigns in each of two possible contingencies. The first is on the note or notes executed by the Medlin Milling Company to the directors; the second is upon the notes, bills receivable, drafts, acceptances, checks, or other evidences of indebtedness which the directors may at any time thereafter discount or cash for the Medlin Milling Company. This

is not a note executed by the Medlin Milling Company to the directors; neither is it a note which they have discounted or cashed for that company. On the contrary, it is a note payable by the company to a third party and on which the directors are sureties. This note they paid at maturity to the holder, because of the failure of their principal, the Medlin Milling Company. In doing this they did not cash or discount a note for the company, but discharged a note by the company to a third party upon which they were liable as sureties. Their cause of action against the company would be for reimbursement for having paid the company's debt to a third party. This relationship presents one not covered by the terms of the contract. The principle of law which should govern this case has been so thoroughly discussed in the authorities cited that we deem it unnecessary to do more than to give this extract from Brandt on Suretyship and Guaranty: "A rule never to be lost sight of in determining the liability of a surety or guarantor is that he is a favorite of the law and has a right to stand upon the strict terms of his obligation when such terms are ascertained. This is a rule universally recognized by the courts, and is applicable to every variety of circumstances. * * * A surety or guarantor derives no benefit from his contract; his object generally is to befriend the principal. * * * The guarantor is only liable because he has agreed to become so. He is bound by his agreement, and nothing else."

The judgment of the district court is affirmed.