## BOMAR v. WYNN.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 14, 1914.)

1. PRINCIPAL AND SURETY (§ 59*)—GUARANTY (§ 27*)—LIABILITY OF SURETIES AND GUARANTORS.

Sureties and guarantors can be held only upon the very terms of their contracts.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. § 59;* Guaranty, Cent. Dig. § 28; Dec. Dig. § 27.*]

2. GUARANTY (§ 36*)—CONSTRUCTION—GUARANTY OF BILLS AND NOTES—"DISCOUNT."

A guaranty to the board of directors of a corporation on notes executed by the corporation to them, and upon notes and other evidences of indebtedness which the directors at any time might discount or cash for the corporation, does not cover a note of the corporation to the wife of one of the directors, which the director who was liable as a surety paid at maturity because of the insolvency of the corporation, for the note was not executed to any of the directors, and was not cashed or discounted; the word "discount" denoting the act of giving money for a bill of exchange, deducting the interest (quoting Words and Phrases, vol. 3, pp. 2089–2090).

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by E. P. Bomar against Ike A. Wynn. From a judgment for defendant, plaintiff appeals. Affirmed.

D. T. Bomar, of Ft. Worth, for appellant. Slay, Simon & Wynn, of Ft. Worth, for appellee.

DUNKLIN, J. Ike A. Wynn, a stockholder in the Medlin Milling Company, a private corporation, executed and delivered to E. P. Bomar, J. H. Blocker, F. M. Rogers, S. W. Gladney, and W. H. Flory, the directors of said company, the following obligation in writing: "Fort Worth, Texas, July 1st 1909. To the Directors of The Medlin Milling Company, Fort Worth, Texas. In consideration of $1.00 and other valuable considerations, we hereby guarantee to you, your successors, assigns, or to any bank, banker, trust company or individual, any and all sums that may now or at any time hereafter be owing to you by the Medlin Milling Company of Fort Worth, Texas, on the note or notes of company executed by it to you, or upon notes, bills receivable, drafts, acceptances, checks, or other evidences of indebtedness which you may at any time hereinafter discount or cash for said company, and we hereby authorize you at any time, in such manner and upon such terms and for such time as you may see fit, to extend the time and manner for the payment of said sum or sums of money, or any part thereof, without any notice to us, and we hereby agree beforehand that no such extension or credit shall in any manner affect our liability on this guaranty. It is hereby expressly understood and agreed that the liability of the undersigned, under this guaranty, shall in no event exceed the principal sum of $10,000. It is further understood and agreed that this shall be a continuing guaranty and shall remain in full force and effect until written notice shall have actually been received by you that it has been revoked by the undersigned or either of them. It is further expressly agreed and understood that you need not give any notice of any kind to the undersigned, or to either of them, of the acceptance of this guaranty, and it is further understood and agreed that no omission of any kind on your part in the premises shall in any way whatsoever affect or impair this guaranty. [Signed] Ike A. Wynn."

E. P. Bomar instituted this suit to recover of Wynn the amount stipulated in that obligation upon the following facts alleged in plaintiff's petition: Mrs. Alice L. Bomar acting on the faith of said contract and other similar contracts of guaranty, made by other stockholders in the milling company, loaned to the milling company the sum of $42,000, for which the milling company executed and delivered to her its promissory note, payable 90 days after date, and bearing interest from date at the rate of 10 per cent. per annum. Before delivery the note was indorsed by the directors above mentioned. A renewal note was thereafter executed with the same signature and the same indorsements thereon, for the sum of $43,050, which amount included the interest then accrued upon the original note. Later the milling company became insolvent, and upon a settlement of its affairs only 55 per cent. of its indebtedness was paid after exhausting all of its assets, said payments being prorated upon all of the outstanding claims, thus leaving unpaid 45 per cent. of the indebtedness of the milling company to Mrs. Bomar. This balance was paid to her by plaintiff, E. P. Bomar, who, in his petition, claimed to be subrogated to all the original rights of Mrs. Alice L. Bomar against defendant, Wynn. It was further alleged that the obligation set out above was executed and delivered by Wynn with the intent and purpose on his part of lending his credit to the milling company and inducing its directors "and successors and assigns, and any bank, banker, trust company, or individual, to whom the milling company might apply, to extend to the milling company credit, or otherwise aid the milling company financially by discounting its note or notes, bills receivable, drafts, acceptance, checks, or other evidences of indebtedness that they, or any of them, might thereafter discount for the milling company for a valuable consideration." The trial court sustained a general demurrer to the petition, and, plaintiff having declined to amend, his suit was dismissed. From the order of dismissal he has prosecuted this appeal.

[1, 2] The same contract as that executed by Wynn was construed by the Court of Civil Appeals of the Sixth District in the case of Bomar v. Gahagen, 152 S. W. 689, and we approve the construction there adopted. As there announced, "It has long been the settled law that sureties and guarantors can be held only upon the very terms of their contracts." By the terms of the contract the directors are guaranteed for all sums that may be thereafter owing to them by the milling company upon notes executed by the milling company to them, or upon any evidences of indebtedness which the directors might discount or cash for the company. The note under which plaintiff claims was not executed by the milling company to any of the directors, but to Mrs. Alice L. Bomar. Neither was that note discounted nor cashed for the company by any of the directors. The transaction between the milling company and Mrs. Bomar was that of a simple loan of $42,000 advanced by her to the company and for which the company executed its note.

In volume 3, Words and Phrases, pp. 2089, 2090, the following are some of the definitions given of the word "discount":

"The word 'discount' denotes the act of

giving money for a bill of exchange or promissory note, deducting the interest."

"An authority to a bank to discount evidences of a debt includes authority to buy; for 'discounting' at most is but another term for 'buying at a discount.'

"The discounting of notes is the advancing of money on them, the interest being deducted and received by the person discounting and retained and reserved at the time of, or as a part of, the advance."

To the same effect see Anderson v. Cleburne Bldg. & Loan Ass'n, 16 S. W. 298. It is too clear for argument that the directors never cashed Mrs. Bomar's note. She and no one else advanced the cash to the company.

While the guaranty in the obligation sued on is extended to "any bank, banker, trust company, or individual," yet that guaranty is limited to obligations executed by the company to the directors and thereafter acquired by such bank, banker, trust company, or individual. As the note evidencing the indebtedness for which plaintiff seeks a judgment was not executed by the milling company to the directors, or any one of them, but was executed by the milling company to Mrs. Alice L. Bomar, the guaranty never applied in her favor. For a more extended discussion of the questions here involved we refer to the opinion and authorities cited in Bomar v. Gahagen, supra.

The judgment is affirmed.