**CLEMENTS et al. v. JACKSON OIL & GAS CO. et al.**

No. 7999—Opinion Filed Nov. 14, 1916.

Rehearing Denied Dec. 19, 1916.

(161 Pac. 797.)

**1. Contracts—Rescission—Inability of Adverse Party to Perform.**

That a party to a contract has no funds, assets, or property with which to make payments, or from which he can secure the money to make the payment of a sum contracted to be paid for certain work to be done, constitutes such a failure of consideration as will authorize the other party to the contract to rescind the same and to refuse to perform the work yet to be done under such contract.

**2. Guaranty—Requisites of Contract—Consideration.**

An agreement to perform the terms of a contract which the party has a right to rescind constitutes a consideration separate and apart from the original contract, sufficient to support a guaranty of payment by third parties.

(Syllabus by Burford, C.)

Error from District Court, Jackson County; Geo. C. Crump, Assigned Judge.

Action by W. P. Clements and another against the Jackson Oil & Gas Company and others. From a judgment sustaining a demurrer to the petition, plaintiffs appeal. Reversed, with directions.

S. B. Garrett, for plaintiffs in error.

Everett Petry, for defendants in error.

Opinion by BURFORD, C. This is a companion case to No. 7998, 61 Okla. 247, 161 Pac. 216, decided herewith. The discussion of principles in that case is adopted herein. In this case, however, the principles are to be applied to entirely different allegations. The facts alleged in the petition and essential here, not set out in the opinion in No. 7998, are as follows: That the original contract for drilling entered into between the Jackson County Oil & Gas Company and plaintiffs provided that upon completion of the well the company should pay the cost of pulling casing and returning the rig and tools to Electra, Tex. Upon the same day that plaintiffs agreed to continue drilling beyond 1,000 feet and that the contract of guaranty considered in No. 7998 was executed, the individual defendants likewise executed and delivered the following instrument: \

"Know all men by these presents, that whereas the Jackson County Oil & Gas Company entered into a certain contract in writing with W. P. Clements and W. E. Green for the drilling of a deep well near Altus, in Jackson county, Oklahoma, bearing the date of October 29, 1914, and wherein it was further agreed that said Jackson County Oil & Gas Company should pay the expense of drawing the casing of said well and returning to Electra, Texas, or any other point to which the cost of transportation would be no greater than to Electra, Texas, all of the tools, rig, casing and appliances in drilling said well. Now, therefore, we, the undersigned officers and directors of the Jackson County Oil & Gas Company, bind ourselves severally for the payment of said sums agreed to be paid in the original contract for the return of said rig, casing, tools and appliances so agreed to be returned. It being expressly understood that each party signing this guaranty shall be liable for 1-7 of said expenses. Witness our hands this 16th day of January, 1915. [Signatures.]"

This contract was treated below and in the briefs here as one of guaranty. Under the rules of this court we should so treat it, where parties have relied upon a definite theory below. However that may be, it does not seem to be material to determine that question, as we think the allegations of the petition are sufficient to render it enforceable, either as an original obligation or as a guaranty.

The consideration for the execution of this

instrument is alleged in the petition to be "that the plaintiffs would continue to drill said well to a deeper depth of 200 feet below said 1,000 feet." Is this a consideration for the contract of January 16th here treated as above stated as one of guaranty? Obviously not, if the plaintiffs were required under the original contract to drill the additional 200 feet. Were the plaintiffs so obligated? The petition alleges (very differently from the petition in No. 7998) that at the time of the execution of the guaranty "the funds of the Jackson County Oil & Gas Company were exhausted, and the said Jackson County Oil & Gas Company had no assets or property with which to secure plaintiffs for their services in drilling said well to a greater depth than the said 1,000 feet." As against a demurrer, which admits the facts alleged and all fair inferences to be drawn therefrom, we think this is sufficient to bring the facts within sec. 984, par. 4, Rev. Laws 1910, and to authorize the plaintiffs to .rescind the contract. That statute authorizes rescission by a party when "the consideration, before it is rendered to him, fails in any material respect from any cause." It is alleged that the oil company had no funds to pay and no property or assets with which to "secure plaintiffs for their services." True the original contract provided for a cash payment and not for securing plaintiffs for services rendered, but as against a demurrer we think it can fairly be said that if the oil company could not secure plaintiffs, it could not secure any one else, and that in this view the petition alleges that the oil company did not have and could not get the money to make payments for drilling the 200 feet. Under such circumstances we hold the plaintiffs had a right to rescind the contract. It is clearly to be inferred from the petition that they were re-. fusing to proceed, and that upon the execution of the guaranty they did go ahead and do the drilling, thus waiving the right to rescind. This waiver was a sufficient consideration to uphold the contract of guaranty. This is but another way of saying that the drilling of the additional 200 feet was the consideration of the guaranty, since the plaintiffs, by reason of the financial condition of the oil company, were no longer bound to drill the additional depth, under the original contract. They did what they were not then bound to do, because absolved therefrom by reason of failure of consideration. Not even a trustee or receiver in insolvency or bankruptcy can force the execution of the contract unless he is able to perform his part. The party intending to enforce the contract must be able to perform upon his part. Florence

Mining Co. v. Brown, 124 U. S. 385, 8 Sup. Ct. 531, 31 L. Ed. 424. For these reasons we are of opinion that the contract of guaranty was supported by a sufficient consideration. It is further urged that the original contract provides that the casing was to be drawn and the rig and tools returned only in event no oil or gas in paying quantities was found, and that inasmuch as the petition fails to allege in terms that no such minerals were found, it fails to allege the happening of a condition precedent to recovery. With this contention we do not agree. This petition is before us upon a general demurrer. It is alleged that the casing was drawn and re- .moved, acts commonly known to be inconsistent with any idea of a producing and paying well. Furthermore, the contract of January 16th does not call for payment under the terms and conditions of the original contract, but only for payment of the amount therein agreed to be paid. As was said in Lamm & Co. v. Colcord, 22 Okla. 493, 98 Pac. 355, 19 L. R. A. (N. S.) 901: .

"In construing the language of an instrument of guaranty for the purpose of interpreting the same to determine the intention of the parties, it should be taken most strongly against the guarantor, and in favor of the party parting with his property upon the faith of the .interpretation of such instrument most favorable to his rights."

For these reasons we hold the petition sufficient to state a cause of action. The judgment of the trial court is reversed, with directions to set aside the order sustaining the demurrer to the· petition and to take such further proceedings as may be proper.

By the Court: It is so ordered.