## FEDERAL SAVINGS & LOAN ASS'N v. BELL et al.

No. 19743.   Opinion Filed Oct. 28, 1930.

Rehearing Denied Dec. 3, 1930.

Burford, Miley, Hoffman & Burford, for plaintiff in error.

Holtzendorff & Holtzendorff, for defendants in error.

ANDREWS, J.   This cause was brought here on appeal from an order of the district court of Rogers county sustaining a demurrer of the defendants, Holtzendorff & Holtzendorff and C. B. Holtzendorff, to the petition of the plaintiff. The parties will be referred to as they appeared in the trial court.

The pertinent allegations of the petition are as follows: Plaintiff held a mortgage on certain real property. After the execution of the mortgage the property was acquired by one Bell. Suit was instituted to foreclose the mortgage and steps were taken to collect the rents from the property under the provisions of the mortgage.

"Plaintiff further alleges that the defendant, John A. Bell, acting by and through the defendants, C. B. Holtzendorff, of the firm of Holtzendorff & Holtzendorff, his duly authorized agents and attorneys, on or about the 12th day of February, 1927, approached plaintiff and negotiations were entered into with reference to a settlement of the issues between the plaintiff and the said defendant, John A. Bell, which negotiations were partly oral and partly written and continued over a period of several weeks. That during said negotiations and as a result thereof the defendant, John A. Bell, for and in consideration of a waiver by plaintiff of any right that it might have to a personal judgment against him for said mortgage indebtedness and a release to him by plaintiff of the rents and profits arising from the mortgaged premises, promised and agreed that he would upon the sale of said property by the sheriff, in accordance with the judgment of foreclosure to be taken in said foreclosure proceedings, bid an amount sufficient to satisfy plaintiff's judgment, together with interest thereon, costs and attorney's fees, and to pay the plaintiff in full for all amounts paid out by plaintiff as taxes upon said premises. That as a part and parcel of said agreement and for the purpose of inducing the plaintiff to enter into the same and in consideration of the benefits to be derived therefrom by the said John A. Bell, the defendants, Holtzendorff & Holtzendorff and C. B. Holtzendorff, individually, promised and agreed with plaintiff that they would personally assure and guarantee unto plaintiff that the said John A. Bell would carry out and perform his part of said contract. That without said personal guarantee on the part of said defendants, Holtzendorff & Holtzendorff, plaintiff would not have entered into said settlement agreement, all of which was known to said defendants. Copies of the letters and correspondence evidencing said agreement, as aforesaid, are hereto attached, marked Exhibits 'A' to 'E' inclusive, and are made a part of this petition."

Thereafter, plaintiff, "at the special instance of the defendants and in pursuance of the agreement aforesaid," directed the payment of the accrued and accruing rents to Bell. Plaintiff secured a judgment of foreclosure waiving any and all rights that it had to a personal judgment against Bell. The amount due to the plaintiff at the time of the sale was $4,419.96. Defendants attended on the sale and plaintiff demanded that they comply with their agreements, but that they "failed, neglected and refused to bid an amount for said property sufficient to satisfy the amount due plaintiff under its

judgment aforesaid, and wholly failed and refused to take care and pay the taxes, all as was provided by said agreement." The sheriff sold the property for $2,825 to the highest and best bidder and the sale was confirmed.

The plaintiff prayed judgment in the amount of the "difference between the amount plaintiff was entitled to receive from defendants under its agreement and the amount which said property brought at said sale."

The defendants, Holtzendorff & Holtzendorff and C. B. Holtzendorff, filed a demurrer on six asserted grounds, but which, in fact, was on three grounds: First, that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants or either of them; second, that there was a misjoinder of parties defendant; third, that there was a misjoinder of causes of action. There was no misjoinder of parties defendant or of causes of action.

The minutes of the clerk entered on the journal show that the demurrer was sustained and the journal entry in the case shows that the demurrer was sustained "for the reason and upon the ground that the petition of plaintiff fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against said defendants, in that said petition fails to show that the defendant John A. Bell was at the time of the institution of this action insolvent, and that the judgment prayed could not be enforced as against said defendant."

The reason assigned by the trial court for the sustaining of the demurrer is not good. Section 5134, C. O. S. 1921, provides that a guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal and without notice or demand. That statute came from the territory of Oklahoma, and the territorial Supreme Court, in Walter A. Wood M. & R. Co. v. Farnum, 1 Okla. 375, 33 Pac. 867, held that it was not necessary to allege the insolvency of the principal or that an effort had been made to collect from the principal or diligence in making collection from the principal, and that a petition failing to allege diligence is not bad on demurrer.

This court, in Masters v. Boyes, 44 Okla. 526, 145 Pac. 363, held that a lack of notice and demand, or the fact that the principal at maturity of his obligation was not insolvent, does not constitute a defense that will discharge the guarantor from liability.

It is contended by the defendants that the demurrer was sustained generally. Since it is not necessary to determine whether the minutes of the clerk entered on the journal or the journal entry controls, we will express no opinion thereon and will consider whether the demurrer was properly sustained on any ground.

In considering a demurrer to a petition it is the duty of the court to examine the petition and the exhibits thereto attached, and if the petition, together with the exhibits, states facts sufficient to constitute a cause of action against the defendant, it is the duty of the court to overrule such demurrer. Rhode Island Insurance Co. v. Glass, 131 Okla. 108, 267 Pac. 840.

A demurrer to a petition admits every material fact properly stated in the petition. Adams v. Hoskins, 96 Okla. 239, 221 Pac. 728.

The allegations of the petition, when challenged by a general demurrer, must be construed liberally in favor of the pleader. Ross v. Breene, 88 Okla. 37, 211 Pac. 417.

A demurrer to a petition admits the truth of the facts pleaded, but does not admit the truth of the inference of the pleader based on facts pleaded unless the facts themselves are sufficient to authorize such inference. Matthews v. Oklahoma Publishing Co., 103 Okla. 40, 219 Pac. 947.

We will set out only such portions of the exhibits as we deem necessary to a proper consideration of the case.

Under date of January 28, 1927, the defendants, who were attorneys at Claremore, Okla., wrote to Burford, Miley, Hoffman & Burford, attorneys for plaintiff, as follows:

"You will recall that in conversation with your Mr. Williams on the 12th inst., it was the intention to ascertain if it would not be agreeable with your client to proceed to take judgment in this case, barring all of the defendants, including our client, Mr. J. A. Bell, but not to ask for a personal judgment against Bell with the understanding that he was to make the property bring a sufficient amount at the sheriff's sale to satisfy this mortgage."

Burford, Miley, Hoffman & Burford wrote Holtzendorff & Holtzendorff, under date of March 1, 1927:

"Replying to yours of February 28th. We have taken this matter up with the Federal Savings & Loan Association, and they have consented that we not take personal judgment against Mr. Bell, your client, if you would be willing to assure them that Mr. Bell would bid at the sale of the property an amount sufficient to take care of what the Federal has in it. You told me the day you were here that Mr. Bell would do this if

we would not take a personal judgment against him, and would foreclose out the subsequent liens."

On March 2, 1927, Holtzendorff & Holtzendorff, by C. B. Holtzendorff, wrote Burford, Miley, Hoffman & Burford:

"We thank you for your favor of the 1st inst., advising with reference to the status of this case and the authority which you have obtained from your client to defer the taking of a personal judgment against Bell. We have presented this letter to Bell and he informs us that he will see that the property brings a sufficient amount to take care of the plaintiff's judgment and taxes.

"In this connection he also informs us that he should be permitted to collect the rent between now and that date and requests us to have you advise the present occupant that the rents should be paid to Bell. This for the reason that while the occupant has informed Bell that he intends to deposit the money in one of the local banks, yet it is entirely optional with him to do so and unless the amount is collected each month there is some possibility of the tenant getting behind several months and there would be nothing to prevent him from removing from the premises and no one would profit, as the rents would be unpaid, and for this reason Bell thinks it proper to have the rents paid each month, so if you write Mr. Moody and advise him that the rents should be paid to Bell we will appreciate it and we will also see that Bell carries out his part of the agreement."

On March 16, 1927, Burford, Miley, Hoffman & Burford wrote Holtzendorff & Holtzendorff, as follows:

"Acting upon your personal assurance that Mr. Bell will see that this property brings a sufficient amount to take care of plaintiff's judgment and taxes, I am taking the matter up with the Federal Savings & Loan Association, in order to secure to Mr. Bell a release of the rents derived from the property. My only purpose is to see that the Federal is made whole, and upon your assurance that this will be done, we are quite willing that Mr. Bell should continue to collect the rents."

On March 16, 1927, Holtzendorff & Holtzendorff, by C. B. Holtzendorff, wrote Burford, Miley, Hoffman & Burford:

"Now, with reference to the rent. As suggested, Mr. Bell wants authority to collect the rent during the pendency of the foreclosure proceedings. * * *

"We understand that the property is not probably of sufficient value to bring the amount of your mortgage with taxes and cost, and to satisfy the second mortgage. In this connection Mr. Bell assures us that he will make the property bring a sum sufficient to satisfy this indebtedness together with the costs and taxes, and we will assure you that this agreement is carried out on condition that the rents be released and paid to Bell during the pendency of the action."

The plaintiff wrote the tenant and the depository bank, as follows:

"You are advised that under an agreement reached between Mr. John A. Bell, of Claremore, and the Federal Savings & Loan Association, it has been agreed that Mr. Bell shall be entitled to collect and have the funds heretofore paid into the National Bank of Claremore to the credit of the Federal Savings & Loan Association, of Oklahoma, mortgagee, by Mr. Moody as rentals upon the above-described premises, and to continue to collect the future rentals upon said property until you are otherwise notified in writing.

"You are therefore directed to pay all rents for said premises, now due, or to become due, to Mr. John A. Bell, the same as if the assignment of rentals had not been served upon you, by the said Federal Savings & Loan Association, and the National Bank of Claremore is hereby authorized to pay to Mr. Bell the funds so held by it, as aforesaid."

From this correspondence it appears that the defendants, acting for Bell, procured the plaintiff to waive its right, if any, to personal judgment against Bell and procured the plaintiff to waive its right to collections of rentals on the property for the benefit of Bell on their statement that Bell would make the property bring a sufficient amount at sheriff's sale to satisfy the plaintiff's judgment and taxes and that the defendants would "also see that Bell carries out his part of the agreement." That proposition was accepted by the plaintiff and the language of the acceptance was: "Acting upon your personal assurance that Mr. Bell will see that this property brings a sufficient amount to take care of plaintiff's judgment and taxes, * * *" and the acceptance was complied with by the release of the rentals and by the procuring of a judgment in foreclosure without personal judgment against Bell.

We think that the allegations of the petition, when construed in connection with the exhibits, show an agreement on the part of Bell to do a legal thing and a guarantee on the part of defendants that Bell would do that thing.

That agreement was supported by a valuable consideration, to wit, the waiver by the plaintiff of valuable legal rights.

Under the provisions of section 5019, C. O. S. 1921, consideration may be any prejudice suffered or agreed to be suffered other than such that the party is lawfully bound

to suffer. The plaintiff suffered a prejudice by waiving its right to collect the rents. It was not lawfully bound to suffer that prejudice, and that is sufficient consideration. There being a legal consideration, no moral obligation was required.

The defendants contend that nowhere in the correspondence is there any promise on their part to do anything. We differ with them. When they said, "We will also see that Bell carries out his part of the agreement," there was a direct promise to do something. They say that the word "guarantee" is not found in any of the letters.

Our attention is called to no decision holding that the use of the word "guarantee" is required to constitute a contract of guaranty. In determining from the language used whether a guaranty exists, the language used should be taken most strongly against the guarantor and in favor of the party who acted thereon upon the faith of the interpretation most favorable to his rights. Lamm & Company v. Colcord, 22 Okla. 493, 98 Pac. 355, 19 L. R. A. (N. S.) 901; Clements v. Jackson Oil & Gas Co., 62 Okla. 66, 161 Pac. 797; First Nat. Bank v. Cleveland, 127 Okla. 176, 260 Pac. 80. They say that "assure" was used throughout the correspondence, that they intended only to express their faith in Bell's performance of his promise and that they had no idea or intention of guaranteeing the performance of that promise or becoming personally bound in any way for its performance. The record shows that they not only assured but, in a legal sense, guaranteed the performance by Bell of his promise. In the consideration of the demurrer to the petition their intention is immaterial and the language used is controlling. They said: "We will also see that Bell carries out his part of the agreement," and the plaintiff, acting upon their personal assurance, changed its position to its material disadvantage. While they were agents acting for a disclosed principal and are not bound in the absence of an express agreement, the petition shows an express agreement, as follows: "We will also see that Bell carries out his part of the agreement." It was so understood by the plaintiff, who acted "upon your personal assurance." The statements made by them were not mere representations. The contract with Bell was "to see that the property brings a sufficient amount to take care of the plaintiff's judgment and taxes" and the contract with the defendants was to see that Bell carried out his agreement. There was nothing vague, indefinite, or uncertain about it. It did not require an attorney to purchase an interest in a thing in controversy adverse to his client. It was not necessary that the defendants purchase any interest in the property. Their obligation was to see that Bell purchased the property or that he made other arrangements whereby the plaintiff would receive what was due to it. There is nothing in the provisions of section 4110, C. O. S. 1921, prohibiting an attorney guaranteeing the performance by a client of an agreement made by the client. The limitations upon the rights of an attorney are contained within the terms of that section and cannot be extended beyond the provisions of the section.

This cause is reversed and remanded to the district court of Rogers county, with directions to vacate the order sustaining the demurrer to the petition in this case and to enter an order overruling said demurrer and to take such other proceedings as are not inconsistent herewith.

CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur.

MASON, C. J., LESTER, V. C. J., and HUNT and RILEY, JJ., absent.