## JOHN F. SCHEIB, Respondent, v. JAMES THOMPSON, Appellant.

INVESTMENT BY GUARDIAN—ORDER OF COURT—LIABILITIES—INTEREST—COMPENSATION.

1. A guardian, without authority of the court, purchased real estate with the money of his ward. The value of the real estate had somewhat depreciated when the ward became of age, and it was shown that during the ward's infancy money could be safely loaned at ten per cent per annum. *Held,* that the ward was entitled to recover from the guardian the amount invested by him in the house, with ten per cent interest, compounded annually.

2. Where a guardian is guilty of negligence in the management of the estate of his ward, he is entitled to no compensation.

3. Money actually paid out by guardian for court costs and attorney's fees should be allowed him on accounting.

(Decided June 19, 1901.)

Appeal from District Court, Salt Lake County.—*Hon. Ogden Hiles,* Judge.

Suit by John F. Scheib against James Thompson, as executor of Morris Livingston, deceased, to require an accounting for funds secured by defendant's testator as guardian of plaintiff. From the decree in favor of plaintiff, defendant and plaintiff both appeal.

MODIFIED AND AFFIRMED.

*Messrs. Smith & Putnam* for appellant.

*Messrs. E. A. Walton, A. N. Cherry* and *Alex McMaster* for respondent.

MINER, C. J.—It appears that in March, 1888, Morris Livingston was appointed guardian of the plaintiff's estate by the probate court. Plaintiff was then a minor of ten years, and became of age on August 26, 1900, and was substituted as plaintiff in this case during its trial. On August 16, 1898, the said guardian filed in the probate court an inventory of the ward's estate. Such estate consisted of $872 in cash in the hands of the guardian. This inventory was the last paper filed or proceeding had in the estate. No accounting was ever had or report made thereafter. Six hundred dollars of the money so coming into the hands of the guardian was by him, without any authority of the probate court, invested in the purchase of a house and lot on the thirteenth day of August, 1888; the deed to which was taken in the name of the plaintiff, then a minor. The money so held by the guardian could have been loaned during the period aforesaid at a rate of ten per cent per annum. In September, 1897, the plaintiff made a demand on the defendant, as executor, to make an accounting of the said fund, which he, as said guardian, had failed to account for, and such request was refused. The plaintiff occupied the premises with his mother, who was in very poor circumstances, from August 16, 1888, to March 16, 1889, during which time the rental value thereof was six dollars per month, and from March 1, 1895, to the time of the trial, the rental value was four dollars per month. During the period when Livingston was acting as guardian he paid $50 for attorney's fees necessarily expended by him, $20 probate costs, and $1.70 for recording the deed to the plaintiff. Some additions had been made to the building during the plaintiff's minority, and a well was constructed on the premises at a cost of $15. The value of the real estate varied according to the condition of the times, and was shown to be from $450 to $650 during the plaintiff's minority. The plaintiff is shown to have offered during the trial to convey the property to the defendant.

Plaintiff now seeks an accounting of the fund so received, with interest at ten per cent per annum semiannually.

The court found and decreed: "(1)   That plaintiff was entitled to receive from the estate of Morris Livingston, and from the executor thereof, the sum of eight hundred and seventy-two dollars, with interest thereon at the rate of ten per cent per annum from August 16, A. D. 1888, to the date of this finding, and the further sum of $15.'  (2)   That defendant is entitled to set off against said amounts due plaintiff the sum of $388.90, to-wit:   On account of rent, $42.00; on account of rent, $275.20; for attorney's fees, $50.00; for court costs, $20.00; for recording deed, $1.70—$388.90—and interest on $71.70 last mentioned.   (3)   That defendant is entitled to a reconveyance of said real property by proper deed from plaintiff.   (4)   That neither said Morris Livingston, as such guardian, nor his representatives, are entitled to any commissions on account of said guardianship."   From this judgment both plaintiff and defendant appeal.

We are satisfied that the decree appealed from, with the exception that compound interest is not allowed, is correct. While it does not appear that the guardian acted in bad faith when he purchased the real estate, or that he failed to make his accounting with any dishonest motive, yet it does appear that he had no order from the probate court authorizing the purchase of the real estate, nor that he ever made an accounting or report of his doings to the court, as required by law. Section 4346, Compiled Laws Utah 1888, empowers the court, on application of the guardian, or any other person interested therein, to authorize and require the guardian to invest the proceeds of the sales or any other of his ward's money in his hands in real estate, or in any other manner most to the interest of all concerned therein.   An order thus obtained would protect the guardian even if misfortune were to follow such investment.   But when the guardian acts upon his own judgment

in making such investment, independent of an order of the court, or otherwise converts the proceeds of the estate to his own use, he takes upon himself responsibilities which the law does not permit; and is held not only to a strict accountability for the money used, but to such actual or punitive damages as may be lawfully imposed for an official neglect of his duty. Cardwell's Case, 55 Cal. 137; Schouler, Dom. Rel., 341. Such a rule may seem to be harsh in some cases, but it is based upon reason, and for the protection of the innocent party who can not act or speak for himself. The ward can not speak with authority or act in a transaction of business concerning his estate. The court appointed to guard his interests was not consulted. No order being made for the investment, the guardian is properly held for a conversion of the fund, including that part not reported or inventoried. When a guardian acts in good faith, and does not use the fund for his own benefit, and makes no profit out of it, the law will not fix a penalty in the nature of punitive damages, or "smart money," but will charge him with the statutory rate of interest only; but such interest may be computed with annual rests, or compounded semiannually. In the case of In re Stott's Estate, 52 Cal. 403, it was held that the trustee was responsible for presumed profits upon money in his hands which he had used and failed to account for, and that the general rule in such cases was that he should be charged with legal interest with annual rests. 2 Redf. Wills, 886; 2 Williams, Ex'rs, 1670, and note; In re Clark's Estate, 53 Cal. 359; Miller v. Lux, 100 Cal. 609, 35 Pac. 345, 639. In the present case, testimony was offered to show, and the court found, that the guardian could have loaned the money at an average rate of interest of ten per cent per annum, and therefore charged him with that rate. It appears that the guardian made, or could have made, a profit to that extent from this improper use of the money and in mingling it with his own. The guardian is

so charged with compound interest because of the rule that he will not be permitted to speculate or make a profit out of the funds in his hands as guardian. In re Cousins' Estate, 111 Cal. 441, 44 Pac. 182; In re Thompson's Estate, 101 Cal. 349, 35 Pac. 991, 36 Pac. 98, 508; Wheeler v. Bolton, 92 Cal. 159, 28 Pac. 558; Bradford's Heirs v. Bodfish, 39 Iowa 681; Frost v. Winston, 32 Mo. 489.

The plaintiff and cross-appellant contends that the interest should have been compounded annually. For the reasons given, we concur in this view. The judgment and decree must be modified so as to charge the defendant and appellant with interest at the rate of ten per cent per annum with annual rests. Section 4327, Compiled Laws Utah 1888, requires annual inventories and reports from the guardian to the court. When such accountings are to be so rendered, interest may be properly computed annually for sums not reported. Jones v. Ward, 10 Yerg. 160. In such cases this is the rule independent of the statute. State v. Richardson, 29 Mo. App. 595; Bradford's Heirs v. Bodfish, 39 Iowa 681; Frost v. Winston, 32 Mo. 489; Stark v. Gamble, 43 N. H. 465; Davis v. Combs, 38 N. J. Eq. 473; In re Eschrich's Estate, 85 Cal. 98, 24 Pac. 634.

The defendant, as appellant, complains that the legal fees or statutory commission was not allowed the guardian. Such compensation is only properly allowable to a trustee or guardian who faithfully and honestly discharges the duties of his office. When such guardian converts the estate, or is guilty of gross negligence and failure in the management of the estate, compensation should be refused. In re Thompson's Estate, 101 Cal. 349, 35 Pac. 991, 36 Pac. 98, 508. The money actually paid out by the guardian for court costs, attorney's fees, and for recording the deed was properly allowed. The amount of rent, as allowed, was supported by the proof.

The complaint was properly in the record as part of the judgment roll.

Upon a careful examination of the questions raised, we are not able to find any reversible error in the record. The judgment and decree of the district court must be modified so as to charge the appellant (executor) with interest at ten per cent per annum, compounded annually. As so modified, the judgment is affirmed. Costs to be paid by appellant, as executor.

*Baskin*, and *Bartch, JJ.*, concur.