## MOREY v. CHRISTIAN.

No. 7824—Opinion Filed Nov. 28, 1916.

Rehearing Denied Jan. 16, 1918.

(169 Pac. 887.)

**Guardian and Ward — Ward's Suit Against Former Guardian — Jurisdiction.**

The district court has jurisdiction of an action instituted by a ward against the estate of his former guardian and the surety upon the bond of such guardian, although the guardian had not made an accounting and settlement of his affairs as such guardian with the county court prior to his death.

(Syllabus by Hooker, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Suit by George Morey, an incompetent, by Walter R. Wilson, his guardian, against Dora Christian, nee Morey, administratrix of the estate of William Morey, deceased, and the Southern Surety Company. Demurrer to petition sustained, and plaintiff brings error. Reversed and remanded.

Chas. B. McCrory and I. H. Cox, for plaintiff in error.

William T. Hutchings and Stanard, Wahl & Ennis, for defendants in error.

Opinion by HOOKER, C. George Morey, an incompetent, by Walter R. Wilson, his

guardian, instituted this suit in the superior court of Muskogee county, against Dora Christian, nee Morey, administratrix of the estate of William Morey, deceased, and the Southern Surety Company, a corporation, to recover the sum of $10,000 alleged to be due the estate of the said George Morey by the estate of William Morey and the Southern Surety Company, as his surety.

It appears from the allegations of the petition that Walter R. Wilson was at the time of the institution of said action guardian of George Morey, an incompetent, and that William Morey, deceased, had executed a bond with the Southern Surety Company as his surety. After his qualification as guardian the said William Morey is alleged to have received the sum of $40,000 belonging to his ward, George Morey, of which amount he converted to his own use the sum of $10,000. Before the said George Morey arrived at the age of majority, and before any settlement was made by William Morey, as guardian of the estate of George Morey, a minor, the said William Morey died, and Dora Christian, nee Morey, qualified as the administratrix of his estate and this suit was instituted by George Morey, incompetent, by Walter R. Wilson, his guardian, against the administratrix of the estate of William Morey, and the surety upon the bond of William Morey, as guardian, aforesaid, to recover the money alleged to have been converted by William Morey to his own use and benefit while acting as the guardian of George Morey, a minor.

A demurrer was filed to said petition by the Southern Surety Company, and the same was sustained by the court upon the sole reason that a settlement of the account of a guardian in the county court is a condition precedent to a recovery against the surety upon the guardian's bond, and that independent action will not lie, therefor, in a court of equity to recover the sum alleged to be due.

It is to be observed that the petition in this case alleges that the guardian, William Morey, died intestate and insolvent without having made an accounting to his ward or without having made an accounting to the county court for the funds collected by him as guardian, and which it is claimed were converted to his own use.

The Southern Surety Company in a well-written brief urges here that the action of the superior court in sustaining this demurrer was proper. We cannot agree with the contention urged by it, for this question has

been determined adversely to it in a well-considered opinion by Mr. Justice Hardy in Donnell v. Dansby, 58 Okla. 105, 159 Pac. 317, wherein this court said:

"Where a guardian dies without an accounting the settlement of his affairs as guardian having been made in the county court, for former wards may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement.

"In such action the court has jurisdiction to state the account of the deceased guardian with his wards, and may hear evidence, and allow defendants any credits to which the deceased was lawfully entitled, and may determine the balance due, if any, by said guardian, and render judgment agaist the sureties therefor."

It is further held that:

"It was not necessary that a claim for a fund wrongfully misappropriated by a guardian be presented to the administrator of such guardian before an action for the recovery thereof can be maintained."

Whatever may be the rule in other states, by the above opinion it is definitely settled in this state that an action by the ward will lie against the administrator of the estate of the deceased guardian and the surety upon the official bond of such guardian who died without making a settlement with his ward, or an accounting with the county court. And the opinion of the lower court sustaining a demurrer is hereby reversed, and this cause remanded for proceedings consistent with this opinion.

By the Court: It is so ordered.