**FERRERO et al. v. STATE ex rel. Co. Atty.**

No. 7122—Opinion Filed June 6, 1917.

(166 Pac. 101.)

(Syllabus by the Court.)

**1. Bail—Bonds—Action—Principal.**

The bond executed by one Brown, as principal, with plaintiffs in error as sureties, for the purpose of appealing from a conviction on a criminal charge in the county court to the Criminal Court of Appeals, being a several obligation, an action may be maintained against the sureties for a breach of such bond without joining the principal in the action.

**2. Trial — Instructions — Written Instructions.**

The right to have the instructions of the court reduced to writing will be deemed to have been waived where no request was made at the time, and no exception taken to the giving of oral instructions.

Error from County Court, Coal County; P. E. Wilhelm, Judge.

Action by the State, on the relation of the County Attorney, against Pasquale Ferrero and another. There was a judgment for plaintiff, and defendants bring error. Affirmed.

George E. Jahn, for plaintiff in error.

G. T. Ralls and J. R. Wood, for defendant in error.

OWEN, J. This is an action brought by the state, on relation of the county attorney in the county court of Coal county against plaintiffs in error to recover on an appeal bond on which they are sureties. The petition alleged, in substance, that E. T. Brown was tried and convicted in the county court of Coal county on a charge of keeping and maintaining a place for the distribution of intoxicating liquors; that he prayed an appeal, which was granted, and the appeal bond fixed at $300; that said bond was executed by Brown as principal and the plaintiffs in error as sureties, and Brown released from custody on approval of same; that said bond had been breached by Brown's failure to perfect his appeal, and his departure from the jurisdiction without leave, and a forfeiture of the bond. A copy of the bond was attached to this petition. After a general demurrer to the petition was overruled, an answer was filed admitting the conviction, the execution of the bond, and the failure to perfect the appeal, but alleging as a defense an oral agreement between the county attorney and the wife of Brown under the terms of which the sureties on the bond were to be relieved of liability, and that in furtherance

of this agreement the wife had made certain payments on the amount mentioned in the bond. A demurrer was sustained to the paragraph of the answer setting up the oral agreement. A reply was filed by plaintiff admitting certain payments by Mrs. Brown. The cause was tried to a jury, and judgment rendered for the amount of the bond less the amounts paid by Mrs. Brown. To reverse this judgment the case was brought here.

The, principal contention of counsel for plaintiffs in error, made under their second assignment, is that the court erred in overruling the demurrer to the petition. They insist the petition failed to state a cause of action for the reason Brown, the principal on the bond, was not joined in the action.

It was not necessary to join Brown for the reason the bond in question was a several obligation. That portion of the bond necessary to copy here reads as follows:

."Know all men by these presents that we, E. T. Brown, as principal, and Pasquale Ferrero and Eugene Reck, as sureties, are held and firmly bound unto the state of Oklahoma in the above-entitled cause in the penal sum of three hundred dollars ($300), for the payment of which, well and truly to be made we and each of us do hereby jointly and severally bind ourselves, our heirs, executors, and administrators, firmly by these presents."

The authorities cited by counsel to support this contention are based on the procedure under the common-law doctrine applicable to joint obligations. This doctrine has been abrogated in this state by statute. Section 4694, Revised Laws 1910, is as follows:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

The argument made by counsel under their assignments 3, 4, 5, 6, and 7 relates to the exclusion and admission of certain evidence referred to. The evidence excluded was as to the oral agreement claimed to have been made by the county attorney with Mrs. Brown to the effect that he would look to her for the payment of the bond and would release the sureties. There was no error in the exclusion of this evidence. The county attorney had no authority to make such an agreement, and this constituted no defense to the action on the bond. The evidence admitted was as to the conviction of Brown on the criminal charge and the bond sued on in this action. Counsel say this was error because there was no controversy as to the

conviction or the execution of the bond, these facts being admitted by the answer. We fail to understand how the plaintiffs in error were prejudiced by this proof.

Under the eighth assignment error is urged in the sustaining of the demurrer to that portion of the answer alleging the oral contract releasing the sureties. We find no error in this. The county attorney had no authority to agree to the release of the sureties unless the amount due under the bond was paid. The sureties were given credit for the amount paid by Mrs. Brown and the action instituted to recover the remainder due.

Assignment 9 relates to the overruling of a demurrer to the evidence. There appears to be sufficient evidence in the record to support the verdict.

Under assignments 10 and 11 counsel urge the court erred in refusing certain instructions requested and in giving certain instructions. We have examined the requested instructions, and think they were not applicable to the issues joined. The instructions given correctly state the law applicable to the issues. Counsel also complain in their brief, under these assignments, that the court gave oral instructions which were afterwards reduced to writing. No objection appears from the record to have been made at the time, and no request made for written instructions. Neither was there any assignment of error based upon this action of the court. Subdivision 5 of section 5002, Revised Laws 1910, requires the instructions to be reduced to writing when required by either party. This may be waived by failure to make the request or to assign it as error.

The judgment of the lower court is affirmed.

All the Justices concur.