## EQUITABLE SURETY CO. v. SAPP, Gdn.

No. 10865—Opinion Filed Feb. 17, 1920.

(Syllabus by the Court.)

1. **Guardian and Ward—Death of Guardian Without Accounting—Remedy of Ward—Action—Jurisdiction.**

Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, his former ward may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement.

2. **Pleading—Affirmative Defense—Denial—Burden of Proof.**

Where a defendant sets up an affirmative defense, and the plaintiff denies the existence of said fact, the burden of proof is upon the defendant to prove said allegations of his answer.

3. **Parties — Persons Severally Liable on Same Obligation.**

Section 4694, Revised Laws 1910, provides: "That persons severally liable upon the same obligation may all or any of them be included in the same action at the option of the plaintiff."

4. **Guardian and Ward — Action by Ward Against Bondsmen and Administrator of Guardian — Evidence of Execution of Bond.**

Evidence examined, and held sufficient to show the execution of the bond sued on by the defendant surety company.

5. **Same — Parties Defendant — Pleading—Judgment.**

In an action in the district court against the administrator of the former guardian and the sureties on his bond for an accounting and settlement of his account, the district court has a right to settle the account, and the bond being joint and several, the plaintiff has a right to judgment against all of said defendants or at his option only a part of them; and where the answer of the administrator discloses the fact that the estate is insolvent, said answer is not controverted, and upon the trial of the case the administrator does not appear and defend, but the bondsmen do defend and the court renders judgment against said bondsmen and no request is made by the bondsmen that judgment be rendered against said estate, the judgment against the bondsmen will not be reversed on appeal for failure to render judgment against the administrator of said estate.

6. **Same—Amount of Recovery on Bond—Proceeds of Sale of Ward's Property by Guardian—Interest.**

In an action in the district court by the ward against the administrator of the former guardian and the sureties on the guardian's bond to account for certain money from the sale of the ward's property, where it appears that the guardian during his lifetime rendered no account of the proceeds of said sale, it is not error to render judgment against the bondsmen for the amount found due, together with interest thereon at the legal rate from the date of the execution and delivery of the deed.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by G. W. Sapp, guardian of the estate of Esta Z. McCullough, a minor, against the Equitable Surety Company, as surety on a former guardian's bond, and another. Judgment for plaintiff, and the Surety company brings error. Affirmed.

A. C. Towne, for plaintiff in error.

Fred P. Branson, L. A. Wetzel, and Glenn Alcorn, for defendant in error.

McNEILL, J. This action was commenced in the district court of Ottawa county by G. W. Sapp, guardian of Esta Z. McCullough, to collect on a former guardian's sale bond executed by John W. McCullough, the former guardian of Esta Z. McCullough, the surety on said bond being the Equitable Surety company.

The petition alleged that John W. McCullough was appointed guardian of the estate of Esta Z. McCullough in the year 1913, and gave a general bond; that thereafter the said John W. McCullough, as guardian, obtained an order to sell certain land of Esta Z. McCullough and executed an additional guardian's bond, or sale bond, with the Equitable Surety Company as surety, the amount of said bond being $5,750; that the said John W. McCullough, by order of the county court, sold said land for $3,200, and has since died and never accounted for said money nor paid the same over to the minor or his succeeding guardian, and that plaintiff is the guardian of the said Esta Z. McCullough.

The case was tried to the court without a jury and judgment rendered against the surety company in the sum of $3,200, being the amount found due from the sale of the land sold by said John W. McCullough while acting as guardian, and $870 as interest. From said judgment the Equitable Surety Company appealed, and for reversal of said judgment assign numerous assignments of error.

The first contention presented in the brief of plaintiff in error is, the court erred in overruling the demurrer of the Equitable Surety Company to the plaintiff's petition. This question is briefed upon the theory that no accounting was had in the county court either before or after the death of John W. McCullough to settle his guardian account, and the county court was the only court which had jurisdiction to settle the account and to determine the amount John W. McCullough as guardian owed the estate of his ward. It is contended no action could be brought on the bond in the district court until an accounting was had in the county court. This theory of the case is very extensively briefed by counsel for plaintiff in error, but this court has held contrary to the contention of plaintiff in error in the case of Donnell v. Dansby, 58 Okla. 165, 159 Pac. 317, wherein the court stated as follows:

"Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, his former wards may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement."

This principle of law was followed by this court in the case of Morey v. Christain et al., 69 Oklahoma, 169 Pac. 887, and in the case of Title Guaranty and Surety Co. of Scranton, Pa., v. Burton, 67 Oklahoma, 170 Pac. 1170. By applying the principle of law adopted in the above-entitled cases to the case at bar, it was not error for the court to overrule the demurrer to the petition.

The second contention of plaintiff in error is that the court erred in not abating the suit for the reason that a former guardian had brought suit against the purchaser of the land to recover the land for the reason the sale was void and fraudulent. While the answer contained such an allegation, the defendant in error replied by denying the allegation of the answer, and there was no evidence introduced to support this allegation of defendant's answer. This was an affirmative defense, and the burden of proving the same was upon defendant. The law applicable to election of remedies was announced by this court in the case of Alliance Trust Co. v. Choate, 76 Okla. 269, 185 Pac. 113. This defense is not supported by either the law or facts.

The third contention is that the court erred in refusing to make the parties on the general guardianship bond of John W. McCullough parties to this suit, but in this we think there was no error, as this court, in the case of Southern Surety Co. v. Burney, 34 Okla. 552, 126 Pac. 748, stated as follows:

"The general bond required of a guardian is intended to secure to the infant the proper accounting for all funds, from whatever source they may be derived, that may come into the hands of the guardian; the special or 'sales bond' required by statute is cumulative security, required and given for the benefit of the ward; and a failure on the part of the guardian to account for the proceeds of a sale of real estate will not excuse or absolve his sureties on his original or general guardian's bond."

The bond being a cumulative bond, and both bonds being liable for the proceeds from the sale of the property, all of the parties might be joined in one action, or the plaintiffs might sue any one of them as provided by section 4694 Rev. Laws 1910, which provides as follows:

"That persons severally liable upon the same obligation may all or any of them be included in the same action at the option of the plaintiff."

The next contention of the plaintiff in error is that the court erred in admitting certain evidence, to wit, the confirmation of sale of the county court of the land sold by said guardian, McCullough, for the reason there was a discrepancy between the description of the land advertised for sale and the land sold and confirmed by the court. This contention has been decided contrary to plaintiff in error's contention in the case of Donnell v. Dansby, supra, which states as follows:

"The surety upon a guardian's sale bond, where property has been sold by such guardian and the proceeds squandered, will not be permitted in an action on the bond to deny the validity of the guardian's appointment or of the proceedings resulting in the sale, nor to deny that he received the proceeds of said sale in his fiduciary capacity."

The next contention is that the court erred in admitting the bond in evidence. The defendants filed a verified denial, denying each and every material allegation in the petition, and as a further defense pleaded that no accounting was ever had with the former guardian, and the bond sued on was a special bond and no liability existed for the reason that no funds came into the possession of the guardian. For the sake of argument we may admit that the answer is sufficient to deny the execution of the bond. The evidence introduced on behalf of the plaintiff in error consisted of the testimony of the representative of the surety company who testified he received the application for the bond in question and forwarded the bond to E. J. Phelps & Co. at Muskogee, state agent of the company, and the bond was returned to the representative, executed by the company, and the agent had McCullough to execute the bond and delivered the bond either to McCullough or to the court, where it was approved by the clerk of the county court. As to the sufficiency of this evidence, we think it is sufficient under the rule announced in Jones on Evidence (2nd Ed., p. 672). In discussing the general rule as to the proof of execution of documents and the exceptions to the general rule, it says:

"Another exception has been recognized in the case of office bonds. Like those of executors, guardians, and similar persons, such bonds are generally deposited in a public office. They are for the benefit of various persons who may be interested, and are not generally delivered until they have the approval of some public officer. These facts have been deemed a sufficient guaranty of the authenticity of bonds of this character to dispense with the evidence of the subscribing witness."

This being a surety bond, the agent of the company received the application and forwarded the bond to the state agent, and the same was returned to him, and it purported to be executed by the company, or some attorney in fact on behalf of the company, and by the agent of the company delivered either to the guardian or judge of the court. The bond having been filed and approved by the court, we think it was sufficient evidence to admit the bond in evidence.

The next proposition briefed by plaintiff in error is that the court erred in not rendering judgment against the estate of John W. McCullough, deceased. The record discloses that the administratrix of said estate filed an answer, but the record fails to disclose that the administratrix or attorney appeared at the trial, offered any evidence, or participated in the trial of the case. The court simply rendered judgment against the surety. While the administratrix is made a party defendant in error in this court, no case-made was ever served upon the administratrix of said estate, nor does she appear to be before this court on appeal. The answer of the administratrix alleged the estate was insolvent, and this allegation was not controverted. The Supreme Court of California, in the case of Zurfluh v. Smith, 67 Pac. 1089, held, in substance, that it was not necessary in a similar proceeding to render judgment against the estate; that the sureties on the bond, if required to pay said amount, could bring their proceeding against the estate if the estate was solvent.

It is next contended that the court erred in allowing interest from the date of the sale of the ward's land. Our court has not passed on a similar question, but the rule announced in Church on New Probate Law and Practice, vol. 1, p. 203, is as follows:

"If the guardian receives money of his wards, which he keeps for many years, and uses for his own purpose, and renders no account until cited to appear and account on the petition of his wards, ne is properly chargeable with interest upon the money received, compounded annually, although he was guilty of no fraud in the case of his wards' money. In re Eschrich, 85 Cal. 98, 101; Estate of Hamilton, 139 Cal. 671. 73 Pac. 568; Glassell v. Glassell, 147 Cal. 510, 82 Pac. 42; Scheib v. Thompson, 23 Utah, 564, 65 Pac. 499, 500."

We think there was no error in rendering judgment for interest at the rate of 6 per cent. from the date of delivery of the deed, when the money should have been in the hands of the guardian.

Finding no prejudicial error in the record,

the judgment of the district court is affirmed.

RAINEY, V. C. J., and KANE, PITCHFORD, JOHNSON, and HIGGINS, JJ., concur.