## CHOWNING v. FIRST STATE BANK.

No. 13174—Opinion Filed April 22, 1924.

(Syllabus.)

1. **Bills and Notes—Parties Defendant— Maker and Guarantor.**

Under section 222, Comp. Okla. Stat. 1921, the maker of an obligation and a limited indorser or guarantor may be sued in the same action.

**2. Guaranty—Right of Guarantor to Discharge.**

A guarantor has a right to prescribe the terms upon which he will enter into a contract of guaranty, and where he has no interest in the transaction, and has received no compensation therefor, he may insist upon a discharge where those terms have not been strictly observed.

**3. Same—Guarantors for Hire—Construction of Contract.**

The obligation of a guarantor for hire, or who has a personal interest in the matters out of which his obligation arose, will be liberally construed and most strongly against the obligor.

**4. Bills and Notes—Limited Indorsement—Guaranty.**

One who indorses commercial paper in due course and at the same time guarantees payment by the execution of a separate instrument becomes a limited indorser to the extent and in the manner prescribed in said instrument.

**5. Same—Judgment for Plaintiff Sustained.**

The court having found as a fact that defendant in error had complied with the contract, and had done nothing prejudicial to the rights of plaintiff in error, and there being competent evidence in the record to sustain this finding, it will not be disturbed on appeal.

Error from District Court, Pushmataha County; G. M. Barrett, Judge.

Action by First State Bank of Tuskahoma, a corporation, against S. L. Chowning. Judgment for plaintiff, and defendant brings error. Affirmed.

Varner & Taylor, for plaintiff in error.

J. E. Layden and Moore & Harries, for defendant in error.

MASON, J. This action was brought by defendant in error in the district court of Pushmataha county, Okla., against B. W. Rains, Clara Rains, and S. L. Chowning, on a promissory note made by B. W. Rains and Clara Rains and indorsed by Chowning and secured by a chattel and real estate mortgage.

On the 5th day of February, 1919, S. L. Chowning, acting for himself and the other stockholders of the First State Bank of Tuskahoma, sold the capital stock of the bank to Nat Marshall and others associated with him. There were certain notes in the bank which Marshall refused to accept unless their payment was guaranteed by Chowning, and among them was the note sued on in this action. Chowning indorsed the note and guaranteed its payment, which guarantee was intended to operate as a limitation upon his indorsement, and is as follows:

"This agreement made and entered into this 5th day of February, 1919, between S. L. Chowning, party of the first part, and Nat Marshall, party of the second part, witnesseth:

"That the said party of the first part covenants and agrees to and with the party of the second part to guarantee certain paper now held by the First State Bank of Tuskahoma, which has been sold by party of the first part and associates the 4th day of February, 1919.

"That said paper is to be guaranteed upon the following consideration and basis: That the said party of the second part is to handle the said paper under the direction of the party of the first part and take such action as shall be directed by him in said matter, and that no renewal or extensions shall be made, either directly or indirectly, without the written consent and agreement of the party of the first part.

"That if any of the said paper shall remain unpaid on the 4th day of February, 1920, that the party of the first part shall pay to the party of the second part the amounts unpaid at that date with interest on unpaid paper where interest has not been paid at the rate of 10 per cent. per annum.

"The paper specifically guaranteed under this contract is as follows:

| | |
|---|---|
| Bid Hixon | $5520.00 |
| A. N. Thomas | 200.00 |
| Carl Bolin | 1500.00 |
| A. N. Thomas | 1263.00 |
| Tuskahoma Gin | 3000.00 |
| H. L. Hendrix | 1066.67 |
| W. B. Rainer | 3755.85 |
| W. J. Baggett | 2269.00 |
| J. B. Harper | 1848.00 |
| T. E. Armstrong | 2910.60 |
| O. T. Allen | 3000.00 |
| Wm. King | 4313.00 |

"The party of the second part will not be asked to carry any of this paper past due.

"S. L. C.

"In witness whereof, the parties to these presents have hereunto set their hands and seals the day and year above written.

"S. L. Chowning,
"Party of the First Part.
"Nat Marshall,
"Party of the Second Part."

It is inferable from the record that none of this paper was due at the time its payment was guaranteed. Plaintiff in error appeared specially and moved to quash the summons on the grounds that if there was any liability attaching to him, it was by reason of his guaranty agreement, and not by reason of his indorsement, and therefore

there was no joint liability. This motion was overruled and he excepted and filed answer in which he contends that defendant in error breached the contract of guaranty by bringing suit on some of the notes without his consent, and prior to February 4, 1920, and that he is therefore released from his undertaking.

Suits were brought on the Hixon note, the Harper note, and the Rains note, the note now sued on, without the consent of plaintiff in error, or without consulting with him, on the 6th day of November, 1919, but these suits were dismissed and not again brought until after February 4, 1920, and the rights of plaintiff in error do not appear to have been in any way prejudiced thereby. The Harper note was secured by a mortgage on cattle, which were gathered up by defendant in error under the direction of plaintiff in error to gather them up and ship them to market, but, instead of shipping them, defendant in error sold them under the terms of and in accordance with the provisions of the mortgage, the only way in which he could lawfully make the sale, and applied the proceeds of the sale on the note. Plaintiff in error was notified when this sale would be had and given ample opportunity to buy in the cattle, or otherwise protect himself if he so desired. Before the note was due, Rains sought to turn over to defendant in error the cattle secured by the chattel mortgage, and defendant in error asked plaintiff in error to take charge of the cattle, which he did, but has failed to give any account whatever of his disposition of the same.

The case was tried to the court, and from a judgment in favor of defendant in error, plaintiff in error has appealed and assigns as error: First, the action of the court in overruling his motion to quash service of summons; second, the action of the court in holding that plaintiff in error was liable, both as a guarantor and indorser of the note.

It is true that at common law the maker and guarantor of a note cannot be sued together, but this rule has been abrogated by statute in this jurisdiction. Section 222, Comp. Stat. 1921, provides:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

This section has been construed and applied in Equitable Surety Co. v. Sapp, 77 Okla. 221, 187 Pac. 917; Fidelity & Deposit Co. of Maryland v. Sherman Machine & Iron Works, 62 Okla. 29, 161 Pac. 793; Palmer v. Noe, 48 Okla. 450, 150 Pac. 462; Ferrero v. State, 64 Okla. 44, 166 Pac. 101.

If it were not for the guaranty contract, plaintiff in error would simply be an indorser of commercial paper in due course, but the contract limits or qualifies his indorsement to the extent and in the manner therein prescribed. The court found, as a fact, that defendant in error had fully complied with the contract and had done nothing prejudicial to the rights and remedies of plaintiff in error, and this finding is well supported by the evidence. Plaintiff in error insists that he is only a guarantor and entitled to a strict construction of his undertaking, and in support of this contention he cites Lamm v. Colcord, 22 Okla. 493, 98 Pac. 355. In this case, Colcord's obligation was volunteered, an action of friendship without reward, and the rule strictissimi juris was applied.

But in the case at bar a different rule of construction applies, for the reason plaintiff in error is an interested party. He and his associates owned the bank and his undertaking was part of the consideration for the transfer of its stock. Section 5447, Comp. Stat. 1921, provides as follows:

"The rule of the common law requiring a strict construction of the obligations of a surety shall have no application to the obligations of a surety or guarantor or indemnitor for hire, but all such obligations shall be liberally construed in accordance with the rules of the general law applicable to policies of insurance."

By virtue of this section, and under the facts of this case, the obligation of plaintiff in error should be liberally construed and most strongly against the obligor. Columbia Bank & Trust Co. v. United States Fidelity & Guaranty Co., 33 Okla. 535, 126 Pac. 556; Evatt et al. v. Dulaney et al., 51 Okla. 81, 151 Pac. 607; Lamm v. Colcord, 22 Okla. 493, 98 Pac. 355; Justice v. Empire State Surety Co., 209 Fed. 958; Pennsylvania v. Fidelity Deposit Co., 231 Pa. 208; United States Guaranty Co. v. Prest Brick Co., 191 U. S. 422.

Plaintiff in error had a right to supervise and direct the handling of the paper until the same became due, so as to protect himself against loss, but after it became due, defendant in error was under no obligation to carry it further, and might take such action as proper and necessary to secure payment of the same. It was optional with defendant in error as to whether it would extend the note in question beyond its due date, and in the exercise of this option, he violated no obligation to plaintiff in error.

From the foregoing, we conclude there is no error in the record, and the judgment of the lower court is therefore affirmed.

McNEILL, V. C. J., and COCHRAN, HARRISON, and WARREN, JJ., concur.