### NORTH AMERICAN LIFE INS. CO. OF CHICAGO v. REMEDIAL FINANCE CORPORATION et al.

No. 26572. Sept. 8, 1936.

Rehearing Denied Nov. 24, 1936.

Chas. L. Yancey, Grover C. Spillers, Donald L. Brown, and E. M. Calkin (Thomas E. Rooney, of counsel), for plaintiff in error.

Joseph B. Hardy, N. A. Gibson, J. H. Maxey, and Wilbur J. Holleman, for defendant in error.

PER CURIAM. The North American Life Insurance Company, of Chicago, made a written guaranty to one Henry wherein it guaranteed the payment of a promissory note to be made and signed by Walker to Henry in the sum of $10,000. Walker made the note. The note and guaranty were, respectively, indorsed and assigned to the Remedial Finance Company, who sued Walker and the insurance company thereon. The insurance company pleaded that the guaranty was ultra vires and void.

Upon trial the jury returned its verdict, approved by the court, granting the plaintiff judgment against the defendant in the sum of $10,000, 10 per cent. interest from maturity of said note, and attorney's fees. The insurance company appeals, a'leging that the court erred in refusing to hold the guaranty to be ultra vires, in submitting this question to the jury, and in rendering judgment against it, in any amount, for interest and attorney's fees.

The defendant insurance company is a life insurance company organized under the laws of the state of Illinois, having for its corporate powers the issuing of policies of life insurance, endowment insurance, and the investment of its income. It had no express powers to act as guarantor or surety.

The evidence showed that Walker was the agent of the insurance company in charge of its southwestern department at Tulsa, and needed money to pay the balance he owed the company and to maintain this department. The evidence further revealed that on two previous occasions the insurance company had guaranteed and later paid notes given by him to a bank at Tulsa. The amounts paid on these guaranties were charged to Walker. At that time he had a contract with the insurance company whereby they were to advance him $250 for use in maintaining this department of the insurance company, which was discontinued because of these guaranties.

Walker owed the insurance company in excess of $9,000 and in July of 1932, the company sent him the guaranty sued on in this case, which is as follows, to wit:

"Dear Sir: In consideration of your lending to Wm. Hargis Walker of Tulsa, Oklahoma, Agency Manager of the Southwestern Department of our Company, the sum of $10,000.00 to be evidenced by his promissory note payable to your order, bearing interest at the rate of 10% per annum after maturity, due January 26, 1933, said note to bear interest up to maturity as may be agreed upon. We do hereby guarantee to pay you or your assigns the sum of $10,000.00 on the date said note becomes due.

"We further consent to further extensions and renewals of said note and waive protest and notice thereof.

"This agreement is unconditional and will become binding upon us upon your making said loan.

"This loan will result in a benefit to this Company in enabling Mr. Walker to extend and promote our business in his agency territory.

"Yours truly,

"North American Life Insurance Company of Chicago.

"By E. S. Ashbrook, President,

"By Paul McNamara, Vice President.

"(Corporate Seal)"

Walker executed the note to Henry due in six months in the sum of $10,000 with interest at the rate of 10 per cent. from maturity and providing for 10 per cent. of the principal thereof as attorney's fees and other usual provisions. Walker received $9,000 and deposited it in his agency account in the Exchange National Bank of Tulsa, in which there was then a balance of $.74. The note was indorsed in due course and the guaranty was assigned in writing by Henry to the plaintiff. The president of the plaintiff company had made an investigation of two former loans the insurance company had guaranteed and paid for Walker. Walker then drew several checks totaling nearly $1,900 on his agency account, and deposited them to the company's account in the same bank, and on which he had no authority to check. The evidence tends to show these were premiums on policies sold. There had been no meeting of the board of directors of the insurance company which authorized contracts of this character to be issued, and there was no provision of the by-laws which authorized such contracts to be made by the officers.

The trial court submitted the case to the jury under clear and comprehensive instructions. Of this the insurance company cannot complain, because the contract, under the facts, as a matter of law, was one within the implied powers of the corporate officers, and was intra vires. The jury so found. It is a general rule that a corporation has the same power as a natural person to enter into contracts reasonably incidental to the business for which it was created.

In Fletcher, Cyc. of Corporations, vol. 6, par. 2591, pp. 380-381, it is said:

"Accordingly, if the contract of guaranty is made in good faith, as an incident to the transaction of the ordinary affairs of the corporation and for its own benefit, or to promote or protect its own rights or property interests, or to accomplish some legitimate object of financial benefit to it, and not merely to aid the primary obligor, in such a case the defense of ultra vires is not available. And if the contract of guaranty or suretyship was apparently designed to promote and further the business of the guarantor corporation, it is valid, irrespective of what the actual result of the transaction may be."

And at page 389, section 2596, of the same work it is said:

"A corporation has implied power to enter into contracts of guaranty and suretyship if there is a reasonable expectation that its business will be thereby directly advanced and increased."

The undisputed facts show that the company was financing Walker in his handling of their agency. Whether they did it directly or indirectly is immaterial to the question presented. They made this guaranty in the conduct of their business. In Interstate Life & Accident Insurance Co. v. Ruble, 160 Miss. 206, 133 So. 223, on facts very similar to the case at bar, the court said:

"As an insurance company to build up and extend its business must employ agents to represent it, and can only act through agents, we see no reason why the company could not enter into a contract to finance its agents and to make agreements to pay their expenses or to assume indebtedness by their agents when it thought proper to do so to keep the agent in the service and continue in the effort to build up its business. * * *"

There was no error of which the insurance company can complain in the court's instructions, as they were most favorable to it.

The insurance company alleges that in no event should it be held liable on its guaranty in excess of the face thereof, $10,000, with legal interest from the due date, and that the court erred in rendering judgment against it for interest on that amount at 10 per cent. per annum from the due date and $1,000 attorney's fees. The contract of guaranty was for $10,000. It does not guarantee the

payment of the note as such. It therefore does not purport to guarantee the payment of the interest and attorney's fees provided for in the note. It is fundamental that the obligation of a guarantor will not be enlarged beyond the clear express terms of the guaranty contract. Lamm & Co. v. Colcord, 22 Okla. 493, 98 P. 355; Walker v. McNeal, 134 Okla. 111, 272 P. 443.

It is contended that this error was not properly presented to the trial court, and therefore cannot be urged on appeal. There is considerable merit to this contention. It is obvious that had this matter been specifically called to the attention of the trial court by either side, this error would have been promptly corrected. However, objections and exceptions were saved to the court's instructions to the jury and a general complaint as to the excessiveness of the verdict and judgment was made in the motion for a new trial, which, in a general way, preserved the error.

A remittitur is ordered filed, limiting the judgment against the plaintiff in error, insurance company, to the sum of $10,000, with interest thereon at the rate of 6 per cent. per annum from January 26, 1933. If such remittitur be filed in this court within 15 days from this date, the judgment as the same is modified will be affirmed; otherwise reversed and remanded for new trial.

The Supreme Court acknowledges the aid of District Judge Clarence Mills, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by this court.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and CORN, JJ., concur.