**LONE STAR CAPITAL CORPORATION,**
Appellant,

v.

**Victor WICKERSHAM and W. M. Brubaker, Appellees.**

No. 9731.

United States Court of Appeals
Tenth Circuit.

Feb. 23, 1968.

[redacted]

Robert G. Grove, of Grove & Pryor, Oklahoma City, Okl., for appellant.

Submitted on briefs by appellees (Thomas J. Kenan, of George & Kenan, and Gus Rinehart, of Rinehart, Morrison & Cooper, Oklahoma City, Okl., were on the brief).

Before MURRAH, Chief Judge, and LEWIS and HILL, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appellees are guarantors of a promissory note executed by Radio Station KREK, INC., in favor of appellant for $30,000 with interest thereon at eight percent per annum before maturity and ten percent per annum thereafter until paid. After default in payment by KREK, INC., appellant filed this diversity action in the District Court for the Western District of Oklahoma against the maker of the note and appellees as guarantors. The corporate defendant defaulted and judgment for appellant in accord with the terms of the note was entered, including attorneys' fees in the sum of $6,000. Judgment was summarily entered against the guarantors separately and was limited to the sum of $30,000 and interest at the legal rate of six percent from date of judgment. Appellant asserts that the trial court erred in not finding the guarantors liable for the higher rate of interest and the cost of collection including attorneys' fees. The guaranty provided as follows:

> "The undersigned guarantors, in consideration of credit given and to be given from time to time by Lone Star Capital Corporation, a Federal Licensee under the Small Business Investment Act of 1958 (herein called SBIC), to Radio Station KREK, INC. (herein called 'Debtor'), guarantees the prompt payment when due of any and all liability or indebtedness of the debtor to the SBIC now existing or which may hereafter arise (all of which is hereinafter called 'Indebtedness').
>
> "The obligation of the Guarantor hereunder is an absolute, unconditional and continuing guaranty of the indebtedness and any renewals and extensions thereof and any substitution therefor up to the principal sum of Thirty Thousand and no/100 ($30,000.00) Dollars, even though the indebtedness itself may exceed such sum, irrespective of any security for said indebtedness. * * *"

[redacted] The trial court did not err. The limitation of the guaranty appears on the face thereof and the issue is controlled by Oklahoma law as expressed in North American Life Ins. Co. v. Remedial Finance Corp., 178 Okl. 248, 62 P.2d 491. The second paragraph of the guaranty as noted above placed a limitation on the seemingly non-restricted guaranty of the first paragraph. Appellant concedes that absent the use of the word "principal" in the second paragraph the judgment of the trial court would likely be correct under authority of *North American* but argues that by use of the word principal it was intended that the limitation of the second paragraph be applicable only to the principal sum of $30,000 and that it does not apply to restrict the broad guaranty of the first paragraph.

The appellant would have us lost in a word. The word as used in context appears to have no more significance than that it represented the amount to which the guarantors intended to be bound and not that it was intended to restrict the application of the liability-limiting paragraph to this one principal sum of $30,000.

[redacted] The appellees did not guaranty the *payment of the note* with its accompanying provision for attorneys' fees, see Townsend v. Alwel, Mo.App., 202 S.W.

[redacted]

447, they did not guaranty *performance* by the debtor corporation, see College Nat. Bank v. Morrison, 100 Cal.App. 403, 280 P. 218, but rather they agreed to be absolutely and unconditionally bound for the corporation's "Indebtedness" to the extent of $30,000. This obligation "will not be enlarged beyond the clear express terms of the guaranty contract." North American Life Ins. Co. v. Remedial Finance Corp., supra. See also Walker v. McNeal, 134 Okl. 111, 272 P. 443.

Affirmed.